Williamson v. Hall.

62 405
75a 370

BENJAMIN P. WILLIAMSON, Respondent, *vs.* JEREMIAH HALL, Appellant.

1. *Conveyances, construction of—Incumbrances, covenant against—"Those under whom they claim"—"All claiming under him."*—A covenant in a deed by the grantors, that the land is free from all incumbrances, done or suffered by "those under whom they claim," refer to those from whom they derive title, while a similar covenant against the acts of "all claiming under him" would probably be construed to have a different signification, and would not be held to include a vendee of the entire estate of the grantor.

2. *Conveyances—Incumbrances, covenant against—Knowledge of, effect of.*—A knowledge of the existence of the incumbrance by the covenantee at the time the covenant is entered into, will not relieve the covenantor from his liability on the covenant.

3. *Damages—Incumbrances, covenant against—How measured.*—Where the incumbrance on land is a railroad passing over it, the damages for this breach of the covenant against incumbrances are the value of the land as increased or diminished by special damages or benefits resulting therefrom.

4. *Conveyance—Construction of—"More or less"*—The words "more or less" when used in a deed in connection with a description of land by the sectional sub-divisions, or by metes and bounds, are used to designate approximately the quantity of land in such sub-division or defined boundaries, and do not refer to the state of the title to such land.

*Appeal from Andrew Circuit Court.*

*William Heren,* for Appellant.

The damages can only be the value of the easement.

*W. W. Caldwell, with Wm. S. Greenlee,* for Respondent.

I. The fact of the incumbrance being known to the purchaser will be no bar to his recovery upon it. (Rawle Cov., 123, 124; Kellogg vs. Malin, 50 Mo., 500, and cases cited; Beach vs. Miller, 51 Ills., 206, and cases cited.)

II. The true rule of compensation in this case is the damage resulting to the estate in its market value from the incumbrance (this is such an incumbrance as the plaintiff or defendant cannot remove). (Wetherby vs. Bennett, 2 Allen, 428; Woodby vs. Ludby, 14 Allen 1.) A just compensation for real injury resulting from continuance of incumbrance. (Harlin vs. Thomas, 15 Pick., 66; Batchellor vs. Storgis, 3 Cush., 201; Hubbard vs. Norton, 16 Comst., 432; 16 Ind., 338.)

HOUGH, Judge, delivered the opinion of the court.

On the 27th day of August, 1873, the defendant sold and conveyed to the plaintiff, in fee, "all the north-east quarter of the south-east quarter, of section No. three, Township, No. sixty-one, Range No. thirty-five, forty acres, more or less." The deed, which was executed by the defendant and his wife, contained, among others, an express covenant, "that the said premises are free and clear of any incumbrances done or suffered by them or those under whom they claim." On the 25th day of November, 1867, Thomas Vaughan, from whom the defendant acquired title, relinquished to the Missouri Valley Railroad Company, its successors and assigns, a right of way for a railroad fifty feet in width over the tract above described, which has ever since been used by said company and its successors for railroad purposes.

The present suit was brought to recover damages for the breach of the covenant against incumbrances, occasioned by the existence of the right of way in the Railroad Company. There was a verdict and judgment for the plaintiff, from which the defendant has appealed.

It is conceded, that the language of the covenant covered the acts of Vaughan. The defendant acquired Vaughan's entire estate in the land, and his deed to the plaintiff conveys the fee; it is clear that the words "those under whom they claim" refer to those from whom they derive title. They can have no other application. In a covenant against incumbrances done or suffered by the grantor, and all claiming under him, the words "all claiming under him" might and probably would be construed to have a different signification, and would not be held to include a vendee of the entire estate of the grantor.

The plaintiff knew of the construction and operation of the railroad over the land at the time he purchased, though it is uncertain from the testimony, whether he knew that the railroad was rightfully there. The defendant sought to avail himself of the plaintiff's knowledge as a defense, but it has been repeatedly, and we think properly, decided, that knowl-

edge on the part of the grantee of the existence of the incumbrance, at the time the covenant is entered into, will not relieve the covenantor from his liability on the covenant.

In the instructions defining the measure of damages, the court directed the jury in substance to ascertain the amount of the injury resulting to the plaintiff from the existence of the easement in the Railroad Company, excluding from their consideration all benefits or damages which were common to other lands in the vicinity not occupied by said railroad.

The phraseology employed in these instructions differs from that used in an instruction, which received the sanction of this court in Kellogg vs. Malin, *post* p. 429, but in that case no damages or benefits were shown, except such as were common to other lands, and the value of the land with interest was esteemed to be the true measure of damages in that case. Here there was testimony of special injury and special benefits.

The result reached is practically the same in both cases.

The covenant being one of indemnity, the object, in each case, should be to ascertain the amount of the loss suffered in consequence of the existence of the incumbrance. In cases like the present the value of the land with interest, as increased or diminished by special damages or benefits, will accurately measure the injury resulting from the incumbrance.

The instructions given presented the case fairly to the jury.

Another point relied upon by the defendant is, that as the plaintiff knew a part of the land was occupied by the railroad, the words "more or less," used in connection with the quantity of land designated in the defendant's deed, qualified his covenant against incumbrances, and the land occupied by the railroad under its easement must therefore be held to have been excepted from such covenant.

These words have been frequently construed in this country and in England, and when used in connection with a description of land by the sectional subdivisions established and used in many portions of this country, or by metes and bounds, they

are intended simply to designate, approximately, the quantity of land in such sub-divisions, or defined boundaries, and do not refer to the state of title to such land. The entire quantity of land contained in the north-east quarter of the south-east quarter, whether more or less than forty acres, was conveyed by the defendant to the plaintiff, and the defendant covenanted that no part of that land was in any way incumbered, either by himself, or those under whom he claimed.

We are of the opinion therefore that the judgment should be affirmed. Judges Napton and Sherwood concur; Judges Wagner and Vories absent.