H. D. SMITH v. JOHN E. DAVIS *et al.*

COVENANT *Against Incumbrances — Breach — Damages.* In an action by a grantee against a grantor upon a covenant by the grantor that the land conveyed was free and clear from all incumbrances, where it is alleged that another than the grantor had the right under a lease which would not expire for some years, to procure ice from the premises and a right-of-way across the premises for such purpose, the plaintiff may, upon proper and sufficient proof, recover substantial damages although he has paid nothing to extinguish the incumbrance nor been disturbed in his possession.

*Error from Bourbon District Court.*

THE facts are sufficiently stated in the opinion.

*West & Humphrey,* for plaintiff in error.
*Dillard & Padgett,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Bourbon county on November 4, 1887, by H. D. Smith against John E. Davis and Margaret L. Davis, husband and wife, to recover for an alleged breach of covenants contained in a deed of conveyance of real estate executed by the defendants to the plaintiff. The plaintiff's petition alleges

and sets forth among other things that the deed contained the following covenants, to wit:

"And the said parties of the first part do hereby covenant and agree that at the delivery hereof they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrances, and that they will warrant and defend the same in the quiet and peaceable possession of the said party of the second part, his heirs and assigns forever, against all persons lawfully claiming the same."

A copy of the deed is also given as a part of the petition. The alleged breach of the covenants and the prayer for relief as set forth in plaintiff's petition read as follows:

"Plaintiff alleges that, at the delivery and execution of said deed, to wit, on May 18, 1887, defendants were not the lawful owners of said real estate and seized of a good and indefeasible estate of inheritance therein, free and clear of all incumbrances, but that at that time and ever since there was and has been a lease on said premises from defendant J. E. Davis to M. D. Hartman & Co., for the purpose of cutting, hauling and removing ice, which said lease was by its terms to run and continue till September 17, 1894, a copy of which is hereto attached, marked 'B' and made a part hereof, said lease being in fact an incumbrance on said real estate to the extent of one thousand dollars; plaintiff alleges that said lease could not be purchased in for less than $1,000, and is a valid subsisting lease from defendant J. E. Davis to said M. D. Hartman & Co., and is to plaintiff a damage of $1,000. Wherefore, plaintiff demands judgment against defendants J. E. Davis and Margaret L. Davis for $1,000 and costs of suit."

A copy of the lease is also given as a part of the petition. The lease was dated September 17, 1884. The defendant, J. E. Davis, was the party of the first part, and M. D. Hartman & Co. constituted the party or parties of the second part. The ice was to be cut and obtained from the Marmaton river where it runs across the land conveyed by the defendants to the plaintiff. The lease contained the following, among other things, to wit:

"To have and to hold the same unto the said party of the second part from the 17th day of September, 1884, to the 17th

day of September, 1894, being for a period of ten years; and the said party of the second part, in consideration of the leasing of the premises as above set forth, *and the said sale of the ice thereon,* covenants and agrees with the said party of the first part to pay the said party of the first part, his heirs and assigns, as rent for the same, the sum of one hundred dollars per year, as follows: First year, rent to be paid in advance, the receipt whereof is hereby acknowledged, and thereafter on the first day of June in each and every year during this lease.    And the said party of the first part, in consideration of the leasing of said premises, further agrees that said party of the second part *shall have the right-of-way across said land to and from said river during the ice season, for the purpose of cutting, hauling and removing said ice as aforesaid.* The covenants and agreements herein shall extend to and be binding upon the heirs, executors, administrators or assigns of the parties to this lease."

The defendants demurred to the plaintiff's petition, which demurrer was overruled; and they then answered, and the plaintiff replied.    Afterward the case was regularly called for trial, and the record with reference to this subject and subsequent proceedings reads as follows:

"And afterward, to wit, on May 23, 1888, said cause came on to be tried, and a jury was impaneled; whereupon defendants in open court offered to confess judgment for one dollar, which offer was by plaintiff refused.    Thereupon the plaintiff, to maintain the issue on his part, was sworn and took the witness stand, and was asked to state if he was the plaintiff in this case, whereupon defendants objected to any evidence under plaintiff's petition, for the reason that it states grounds for nominal damages only; which objection was argued by counsel, and the court having heard all the arguments and being fully advised, sustained said objections; to which the plaintiff then and there excepted.    Whereupon the court ordered the jury to return a verdict in the following words:

"We, the jury, find for the plaintiff, and assess his damages at one dollar.—Robert McCord, *Foreman.*"

"Which said verdict said jury thereupon signed by its foreman, and returned it into court.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Thereupon it is considered, ordered, and adjudged by the court that plaintiff have and recover of and from defendants,

and each of them, the sum of one dollar, and his costs herein taxed at $——, and execution is awarded. To all of which the plaintiff excepted and excepts."

The plaintiff then moved the court to set aside the foregoing verdict, and to grant a new trial upon various grounds, but the court overruled the motion, and the plaintiff excepted, and afterward, as plaintiff in error, brought the case to this court for review.

It will be seen that the only question involved in this case is, whether the plaintiff's petition states facts sufficient to constitute a cause of action for anything more than nominal damages. The court below held that it did not, and the plaintiff in error (plaintiff below) claims that this was error. A solution of this question depends upon the nature and character of the covenants contained in the deed of conveyance from the defendants to the plaintiff, and also upon the nature and character of the breaches of such covenants. We shall treat this case, however, principally as though the breach of the covenant against incumbrances was the only breach of covenant to be considered, although it may be that there are other covenants which were broken at the time of the execution of the deed of conveyance, to wit, a covenant that the defendants were the lawful owners of the property; a covenant that the grantors were lawfully seized of the premises; and a covenant that they had a good and indefeasible estate of inheritance therein; for while these things were principally true, yet they were not absolutely and entirely true. The defendant's interest in the property was diminished to the extent of the rights transferred by the lease to M. D. Hartman & Co. The incumbrance consisted of the right of M. D. Hartman & Co. to cut, haul and remove ice from the premises, and the right-of-way of M. D. Hartman & Co. across the premises for the purpose of cutting, hauling, and removing ice therefrom. These things constituted an absolute, unqualified and unconditional incumbrance upon the premises. In this respect they are unlike a *contingent* dower interest such as could exist at common law, which might never come into *actual* existence.

Neither the plaintiff nor the defendants had any power to re-move or to extinguish this incumbrance except with the con-sent of M. D. Hartman & Co., the lessee; and the value of this incumbrance to M. D. Hartman & Co., or the injury it occasioned to the premises conveyed, no one could tell by any certain or definite rule. In this respect it is wholly different from a mortgage lien or any other kind of ascertainable money lien upon real estate; for such a lien is fixed and definite in the amount which it would take to remove it. But suppose that the plaintiff in this particular case could have had the incumbrance removed with the consent of M. D. Hartman & Co. by paying to them the sum of $1,000, and suppose that he had paid that amount, and that they had then in considera-tion of that amount relinquished all their claims to the prop-erty, still that amount would not be the measure of damages in this case or any other case brought by the plaintiff against the defendants because of a breach of their covenants. The real measure of damages would be the amount of the actual injury to the premises by reason of the incumbrances, which might not be one-tenth the amount paid, and if not, then the plaintiff could not recover in this or in any other action as damages one-tenth of the amount paid.

As before stated, this case is unlike a case where the incum-brance is a money lien of fixed amount upon the premises conveyed. In this case the amount of the damages resulting from the incumbrance is not ascertainable by any mere calcu-lation, as it is when the incumbrance consists of a mere money lien; and neither can the incumbrance be removed at the will or pleasure of an interested party as it can when it consists of a mere money lien. We suppose that the ice mentioned in this case has actual value, and the right-of-way to procure such ice also has actual value; and the right to the ice and to the right-of-way, being in another than the owner of the land, depreciates the market value of the land as to such owner, and these values and this depreciation may be shown by evi-dence. We think the plaintiff in this case is entitled upon proper and sufficient proof to recover substantial damages,

and that the court below erred in holding otherwise.   Among the authorities which tend to support these views, see the following : *Harlow v. Thomas,* 15 Pick. 66 ; *Wetherbee v. Bennett,* 2 Allen, 428 ; *Bronson v. Coffin,* 108 Mass. 175 ; *Williamson v. Hall,* 62 Mo. 405 ; *Kellogg v. Malin,* 62 id. 429, 434 ; *Hubbard v. Norton,* 10 Conn. 422 ; *Funk v. Voneida,* 11 Serg. & R. 109 ; *Fritz v. Pusey,* 31 Minn. 368 ; *Walker v. Wilson,* 13 Wis. 522 ; *Guthrie v. Pugsley,* 12 Johns. 126.   There are also many similar cases in which substantial damages were recovered in the lower court and the judgment sustained by the appellate court, in which no question was raised with regard to the right of the plaintiff to recover substantial damages.   These cases we also think are some authority in favor of the rights of parties in cases like this to recover substantial damages.   See also 2 Suth. Dam. 324, 326–329, and cases there cited.

The defendants cite the following cases : *Black v. Coan,* 48 Ind. 385 ; *Rosenberger v. Keller,* 33 Gratt. 489 ; *Boon v. McHenry,* 55 Iowa, 202 ; *Fritz v. Pusey,* 31 Minn. 368 ; *Ogden v. Ball,* 36 N. W. Rep. 344.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.