SARAH A. WHITESIDE, Appellant, v. ELIAS MAGRUDER, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. **Easement:** INCUMBRANCE: COVENANT IN DEED: RIGHT OF WAY OF RAILROAD. An easement over land for the right of way of a railroad is an incumbrance within the meaning of a covenant in a deed against incumbrances.

2. ———: ———: ———: INDEMNITY: DAMAGES. And as such a covenant is regarded or treated as one of indemnity strictly, and as such an easement is an inextinguishable servitude from which it is impossible to relieve the land, and which will indefinitely deprive the purchaser from enjoying the freehold, the damage arising from its breach ought to be the actual damage sustained by the purchaser.

3. ———: ———: ———: EVIDENCE: KNOWLEDGE OF INCUMBRANCE. Knowledge of the existence of an incumbrance on land by a purchaser will not prevent him from recovering damages on account of it, where he takes the precaution to protect himself by proper covenants in his deed.

4. ———: ———: ———: WAIVER: ESTOPPEL: PLEADING. Where the reply contains no plea of waiver or estoppel the plaintiff is precluded from introducing any evidence of the same.

5. ———: ———: ———: STATUTE OF LIMITATIONS: PLEADING. A party relying upon the defense of the statute of limitations must plead it, or he will be precluded from introducing any evidence of the same.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

MARTIN & WOOLFOLK for appellants.

The court erred in rejecting evidence offered by plaintiff of defendant's knowledge of the right of way when he bought the land, of his making deed of trust to plaintiff, of his paying interest on original note without complaint, of his payment of all the debts except $200, and his inducing plaintiff to satisfy her deed of trust and take his individual note for balance, of his selling portions of the land, etc. These facts would tend to prove a waiver by defendant of any claim on account of the right of way. Williams v. Porter, 51 Mo. 441; Nixon v. Ins. Co., 69 Mo. App. 351; 7 Wait's Actions and Defenses, 429; Taylor v. Short, 107 Mo. 384. From the instructions given and refused it will be seen that the court decided the case upon the

theory that defendant was entitled to recover the value of the land covered by the right of way and not the purchase price. There seems to be no rule better established in this state than in such actions the measure of recovery is limited to the purchase price and interest. Lambert v. Estes, 99 Mo. 604; Hutcherson v. Rountree, 77 Mo. 500; Matheny v. Stewart, 108 Mo. 73-79. The only exception to this general rule is where there is some special injury or benefit. Williamson v. Hall, 62 Mo. 407.

NORTON, AVERY & YOUNG for respondent.

Appellant contends that error was committed by the court in rejecting evidence of Magruder's knowledge of the right of way when he purchased the land from Mrs. Whiteside. We submit that such evidence was incompetent and was properly rejected. Williamson v. Hall, 62 Mo. 407. As said in Kellogg v. Malin, 50 Mo. 503, if the purchaser insists upon and obtains covenants for title, he has the right when obtained, to rely on them and enforce their performance, or recover damages for their breach. The vendor is not compelled to make covenants when he sells land; but having done so, he must keep them or respond in damages for injuries sustained by their breach. Nor is it a relief or discharge of the covenant to say that both parties knew it was not true, or that it would not be performed when made. Kellogg v. Malin, 50 Mo. 503. Nor is appellant's contention true that evidence was rejected which would show an estoppel on Magruder's part. An examination of the record will fail to disclose that there was any effort on appellant's part to elicit any such testimony. The whole thing is an afterthought, and the record discloses that the only matter sought to be brought forth was whether or not

respondent, at the execution of the renewal note, or at any other time, complained that he did not get enough land or all the land he bargained for. But even if such testimony was offered and rejected, it was properly rejected. No such issue as estoppel was pleaded and a party can only recover on the case he makes in his pleading. Ferneau v. Whitford, 39 Mo. App. 316; Moffatt v. Conklin, 35 Mo. 453; Bank v. Murdock, 62 Mo. 70; Glass v. Gelvin, 80 Mo. 302. As to the measure of damages, appellant contends that in cases of breach of covenant, a recovery is limited to the purchase price and interest, and seeks to apply the doctrine to the case at bar. That such is the general rule there can be no question, but the rule is applicable only where there is a total failure of title. Matheny v. Stewart, 108 Mo. 79. In a case like the one at bar, where the covenant broken is one against an incumbrance, the rule is not applicable, Here is an incumbrance which is perpetual; the owner can not discharge it, nor in any way relieve himself from it. Nor is there any way to adjust the damage, except to prove the value of the land at the time the sale was made. As said in Kellogg v. Malin, "The measure of damages is the value of the land taken at the time of the delivery of the deed, and six per cent interest thereon from that time."

BIGGS, J.—This is an action on a note for $200, dated August 1, 1893. The defendant admitted its execution, but pleaded by way of recoupment or counterclaim that the note represented the balance of the purchase money of a certain farm in Lincoln county which was purchased by defendant from plaintiff on the twenty-third day of September, 1896; that in consideration of $1,875 the plaintiff conveyed the land to defendant by deed containing covenants of warranty

as to title and against incumbrances; that prior to this conveyance the plaintiff had conveyed to the St. Louis, Keokuk & Hannibal Railway Company an easement over the farm to be used as a right of way for its railroad, consisting of a strip of land one hundred feet wide and one thousand six hundred and sixty-two feet long; that the company had constructed its roadbed thereon and was in possession thereof at the time of the conveyance to the defendant, and had so continued in possession, and that thereby the aforesaid covenants in the deed from plaintiff to defendant were broken, to the defendant's damage in the sum of $300, with six per cent interest thereon from the day of sale. The reply admitted that the note was a renewal of part of the original debt for the purchase price of the land, and denied all other allegations of new matter. The jury found the issues for the defendant and a verdict and judgment were entered accordingly. The plaintiff has appealed and complains of the action of the court in giving and refusing instructions, and also in admitting and rejecting testimony.

STATEMENT.

The plaintiff complains of the following instruction given by the court at the instance of the defendant, for the reason that the rule for admeasuring the defendant's alleged damages is erroneously stated.

"If the court sitting as a jury finds from the evidence that on the 23rd day of September, 1886, the plaintiff herein sold and conveyed to the defendant a certain tract of land as mentioned and described in the deed introduced in evidence, dated the 23rd day of September, 1886, executed by the plaintiff Whiteside in favor of the defendant Elias Magruder, and that by the terms of the said deed Sarah Whiteside warrantied the title to said land, and if the court further finds from the evidence that prior to the sale of said lands

by said Whiteside to the defendant, she sold and con-
veyed to other parties three and eighty-three hun-
dredths (3.83) acres of said land, which said 3.83 acres

INSTRUCTION.   of said land had been taken and held by
said other parties, to the exclusion of de-
fendant so that he had never been able to
take, use, or occupy said land so sold to the other par-
ties, and if the court further finds from the evidence
in the cause that the note sued on represents the re-
mainder of the purchase price for said original tract
of land sold and conveyed to the defendant Magruder
by plaintiff, then the court declares as a matter of law
that the plaintiff can only recover such amount as is
due on said note with interest according to the terms
of said note less the *value* at the time of conveyance
to defendant as shown by the evidence in the case, of
that portion of the land sold by Sarah Whiteside prior
to the execution of the deed by her to defendant, with
6 per cent interest thereon from date of the deed from
plaintiff to the defendant, and if the value of such
portion with interest shall exceed the amount due on
the note sued on with interest, then the verdict should
be for the defendant.''

It is insisted that the measure of the defendant's
damages (if any) is the purchase money with interest
from the date of sale, and not the *value* of the strip of
ground as stated in the instruction. The farm orig-
inally contained one hundred and forty-four acres, and
it was so recited in the deed. No mention is made in
the deed of the previous conveyance of three and eighty-
three hundredths acres as a right of way for the rail-
road. According to the purchase price for the whole
land the three and eighty-three hundredths acres sold
for about $50, which the plaintiff contends is the extent
of the defendant's recovery under any circumstances.

VOL. 75 app—24

According to defendant's testimony the actual value of the strip of ground at the date of the sale, with interest added, equalled or exceeded the amount due on the note in suit, and the jury so found, therefore if the instruction is wrong, the plaintiff was prejudiced by it. The rule contended for by the plaintiff generally obtains where there has been a breach of the covenant of seizin, or in a suit for the breach of warranty of title where there is a total failure of title as to all or a portion of the land. But this is not the rule in actions for breaches of the covenant against incumbrances, which is the case here. It is well settled in this state that an easement over land for the right of way of a railroad is an incumbrance within the meaning of a covenant in a deed against incumbrances (Kellogg v. Malin, 50 Mo. 496; Kellogg v. Malin, 62 Mo. 429; Williamson v. Hall, 62 Mo. 405), and as such a covenant is regarded or treated as one of indemnity strictly, and as such an easement is an inextinguishable servitude from which it is impossible to relieve the land, and which will indefinitely deprive the purchaser from enjoying the freehold, the damage arising from its breach ought to be the actual damage sustained by the purchaser.

MEASURE of damages: covenant against incumbrances.

As was said by the supreme court in Kellogg v. Malin, 62 Mo. loc. cit. 433, "if the incumbrance has inflicted no actual injury upon the plaintiff, and he has paid nothing toward removing or extinguishing it, he can obtain but nominal damages, as he is not allowed to recover a certain compensation for running the risk of an uncertain injury. If the grantee has removed and paid off the incumbrance, the measure of damages is what he paid for that purpose, if it be a reasonable and fair price. * * * When, however, the incumbrance has inflicted an actual injury upon

the purchaser, the rule can only be generally stated to be, that the damages are sought to be proportioned to the *actual loss* sustained. Thus, if the incumbrance be of a character which can not be extinguished, such as an easement or servitude, an existing lease or the like, it is said that the damages are to be estimated by the jury according to the injury arising from its continuance." In the case at bar there was no evidence of special damages or benefits to the lands by reason of the construction of the railway thereon, hence the rule of compensation as above announced would give the defendant the *actual value* of the land occupied by the railroad with six per cent interest thereon from the date of sale.

This was the purport of the instruction, and the plaintiff's exception thereto will be overruled.

Plaintiff offered evidence to show that at the time of the sale the defendant knew of the location of the railroad over the land. Under the authorities above cited this testimony was immaterial and irrelevant. Knowledge of the existence of an incumbrance on land by a purchaser will not prevent him from recovering damages on account of it, where he takes the precaution to protect himself by proper covenants in his deed.

The defendant paid the interest on the balance of the purchase money for many years and gave the note in suit in renewal thereof, without asserting any claim for damages on account of the location of PLEADING: the railroad through the farm. The con-waiver: estop-pel: statute of tention of the plaintiff is that the defend-limitations. ant by so doing waived his claim for damages on account of the right of way of the railroad, and that the circuit court erred in refusing to so instruct the jury. A sufficient answer to this assignment is that the reply contains no plea of waiver or estoppel.

The further contention that the defendant's claim for damages is barred by the statute of limitations, may be disposed of on the same ground. The reply contained no plea of the statute of limitations.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.