# NORTHERN PACIFIC RAILWAY COMPANY *v.* CONCANNON.

### ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 87.   Argued December 3, 1915.—Decided December 20, 1915.

The Act of April 28, 1904, c. 1782, 33 Stat. 538, validating conveyances of land within the lines of the right of way of the Northern Pacific Railway related only to conveyances theretofore made, and did not confer on the Railway Company power in the future to dispose of the right of way nor on others the power to obtain possession of any part thereof by adverse possession. *Northern Pacific Rwy.* v. *Ely,* 197 U. S. 1, distinguished.

While title by adverse possession might have been obtained to portions of the right of way of the Northern Pacific Railway under the Act of April 28, 1904, if the adverse possession had ripened into title prior to the passage of the act, title cannot be obtained thereunder if any part of the period of adverse possession is subsequent thereto.

While a remedial statute should be construed so as to embrace remedies which it was intended to afford, its words should not be so extended as to destroy express limitations and cause it to accomplish purposes which its text shows it was not intended to reach.

In this case the judgment of the state court cannot be sustained as resting on a ground independent of the construction of the Federal statute involved.

While an issue remaining open on the remanding of the case may be one arising under state law which should primarily be disposed of by the state court, this court has the ultimate authority to review the decision on such question to the extent essential to the enforcement of Federal rights involved.

75 Washington 591, reversed.

THE facts, which involve the construction of acts of Congress relating to the right of way of the Northern Pacific Railway, are stated in the opinion.

*Mr. Charles W. Bunn* for plaintiff in error.

*Mr. William H. Hayden* for defendants in error submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

As the successor to the rights of the Northern Pacific Railroad Company the Railway Company, plaintiff in error, sued to recover a piece of land alleged to be within the strip 400 feet wide granted by the act of Congress of July 2, 1864, to the former company as a right of way. (13 Stat. 365, c. 217.) The asserted right to a reversal of the decree which awarded the land to the defendant is based upon an error which it is asserted the court committed in interpreting an act of Congress. (April 28, 1904, 33 Stat. 538, c. 1782.)

To at once recur to a previous ruling concerning the power of the company to dispose of land embraced in the grant of right of way which undoubtedly led to the adoption of the act of Congress referred to, and additionally to refer to a decision concerning the significance of that act rendered before this case arose, will make clear the question to be decided.

In *Northern Pacific Ry.* v. *Townsend,* 190 U. S. 267, it became necessary to determine whether title by adverse possession under a state law, could be acquired to any portion of the Railroad's right of way. Applying the principles announced in *Northern Pacific Ry.* v. *Smith,* 171 U. S. 261, it was held that as the Railroad Company to which the right of way was originally granted was in-

capable of conveying any part of the 400 feet strip composing its right of way, it followed that no possession adverse to the company could confer title, any state law to the contrary notwithstanding. About a year after this decision the act to which we have previously referred was adopted, the title and first section reading as follows, 33 Stat. 538:

"An Act Validating certain conveyances of the Northern Pacific Railroad Company and the Northern Pacific Railway Company.

"That all conveyances heretofore made by the Northern Pacific Railroad Company or by the Northern Pacific Railway Company, of land forming a part of the right of way of the Northern Pacific Railroad, granted by the Government by any Act of Congress, are hereby legalized, validated, and confirmed: *Provided,* That no such conveyance shall have effect to diminish said right of way to a less width than one hundred feet on each side of the center of the main track of the railroad as now established and maintained."

The second and last section made the act operative only upon acceptance of its terms by the Northern Pacific Railway Company.

There was presented in *Northern Pacific Ry.* v. *Ely,* 197 U. S. 1, the question whether this statute gave validity to a title by adverse possession to a piece of land outside of the 200, but within the 400 feet of the right of way where the possession relied upon was completed before the act was adopted and therefore was adequate at that time under the state law to bar the title of the company. Although the statute only expressly embraced "conveyances heretofore made," it was decided that in view of its remedial purposes its provisions were applicable to the case in hand; that is, it was held that the word conveyance included also a sufficient adverse possession completed when the act was passed.

As the land in controversy in this case is within the 400 but outside the 200 feet, the court below was right in concluding that it was within the provisions of the act if they were otherwise applicable. In determining such applicability as it was found that at the time the act was passed the possession of the defendant had not existed for a sufficient length of time to bar the right of the railroad, the court came to consider whether the statute authorized the taking into view of adverse possession enjoyed after the passage of the act. Answering this inquiry from a consideration not only of the text of the act, but of the ruling in *Northern Pacific Ry.* v. *Ely, supra,* it was decided that the statute intended to permit the consideration of such subsequent possession and therefore the title by possession of the defendant which was inadequate considering the state of things existing at the time of the passage of the statute, was decided to be valid as against the Railway Company, in consequence of the effect given to the possession after the passage of the statute. 75 Washington, 591.

We are of opinion that this interpretation of the act is inconsistent with its text and was erroneously supposed to be supported by the ruling in *Northern Pacific Ry.* v. *Ely.* We say it is inconsistent with its text, because in express terms the validating power which the act exerted was made applicable only to "all conveyances heretofore made" and nothing in the context lends itself to the conclusion that Congress contemplated conferring on the Railway Company unlimited power in the future to dispose of its right of way or to give the right to others to divest the railroad of the title to such right of way by future adverse possession. And this meaning of the act is aptly illustrated by its title since it treats its provisions as only confirming conveyances theretofore made and not as conferring power on the Railway Company to make conveyances of its right of way for the future.

VOL. CCXXXIX—25

But the argument is that although this interpretation may as an original question be well founded, it is not open to adopt it consistently with the ruling in the *Ely Case.* The reasoning is this: The statute, it is said, if literally interpreted, only relates to conveyances and not to adverse possession, but as adverse possession complete at the time of the passage of the act was brought within its scope by the ruling in the *Ely Case,* therefore the statute was in that case interpreted in a broad and not a literal sense. Giving to the statute this significance, the argument is that it is inconsistent to now hold that the statute does not include all conveyances and all possession without regard to whether they were made or perfected before or after the passage of the act. But this fails to consider that the ruling in the *Ely Case* related exclusively to a possession which had completely ripened at the time of the passage of the act, and therefore that case was concerned only with the subject with which the statute dealt, that is, rights hitherto acquired, and which were in a generic sense within the remedy which the statute was intended to afford—the curing of infirmities in title which had become complete prior to the passage of the act. Indeed the opinion in the *Ely Case* shows that the reasoning by which it came to pass that the word conveyances in the statute also embraced title by possession perfected before the passage of the act was but an application of the familiar rule that a remedial statute, where it is reasonably possible to do so, must be interpreted so as to embrace the remedies which it was obviously intended to afford. The difference then between that case and this is that which exists between on the one hand interpreting the words of the statute so as to cause them to include things which are within its contemplation and on the other hand adopting of an interpretation which would destroy the express limitations of the statute and cause it to accomplish a purpose which its text plainly demonstrates it was not intended to reach.

It is urged that even if it be found that error was committed in interpreting the statute, nevertheless the judgment below should be affirmed because it rests not alone upon the mistaken interpretation of the statute, but also upon an independent state ground adequate to sustain it, that is, a finding that there had been possession adequate to bar the right of the Railway Company completed before the adoption of the act. We are of opinion, however, that there is no ground upon which this proposition can rest since the court below after finding that the defendant's possession before the act had not been for a sufficient time to bar the right of the Railway Company, and then considering whether an adequate lapse of time would not result from joining to the possession of the defendant the prior possession of other persons asserted to be predecessors in title of the defendant, did not pass upon that question. On the contrary the court after pointing out difficulties arising from what it considered to be infirmities in the proof concerning the nature and character of the possession of the alleged predecessors and their privity with the defendant, held that it was unnecessary to solve such difficulties because under the statute the defendant could complete the time necessary to bar the right of the Railway Company by resorting to possession enjoyed by him after the passage of the act.

Although from these considerations it results that our duty is to reverse because of the erroneous construction given to the act of Congress and which was the sole basis of the decision below, we are of opinion that the order of reversal should not preclude the right in the court below to consider and pass upon, in the light of the statute as correctly construed, the question of adverse possession asserted to have been completed prior to the passage of the act which as we have seen the court did not dispose of because of the erroneous opinion which it entertained concerning the meaning of the act of Congress and our decree

therefore will leave that question open. The issue thus left open involves a question arising under the state law which should be passed upon primarily by the state court. In saying this however we must not be considered as holding that ultimate authority to review such question when passed upon would not exist in this court to the extent that such power to review may be essential to the enforcement of the provisions of the act of Congress in question. *Kansas City Southern Ry.* v. *Albers Commission Co.,* 223 U. S. 573, 591; *Creswill* v. *Knights of Pythias,* 225 U. S. 246, 251; *Norfolk & Western Ry.* v. *West Virginia,* 236 U. S. 605, 609–610. See *Gaar, Scott & Co.* v. *Shannon,* 223 U. S. 468, 470–471. It follows subject to the reservation stated that the judgment below must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*And it is so ordered.*