[No. 13245. Department One. May 6, 1916.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v. WILLIAM McDONALD, *Appellant.*[1]

PUBLIC LANDS—GRANT TO RAILROAD—RIGHT OF WAY—NATURE—RELATION. Act of Congress of July 2, 1864, granting a right of way to the Northern Pacific Railroad Company over public lands is a grant *in praesenti*, taking effect by relation as of that date, upon definite location of the line, as against settlers acquiring public lands after the grant and before the location of the line.

ADVERSE POSSESSION—RAILROAD RIGHT OF WAY—PERMISSIVE USE. The mere occupation of a portion of a railroad right of way by the owner of the servient estate does not create title by adverse possession, since it is not inconsistent with the easement and will be construed as permissive.

Appeal from an order of the superior court for Benton county, Linn, J., entered September 11, 1915, in favor of

[1] Reported in 157 Pac. 222.

the plaintiff, denying a motion to vacate a default judgment. Affirmed.

*H. Dustin,* for appellant.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for respondent.

Mount, J.—This appeal is from an order of the superior court refusing to vacate a default judgment. When the motion came on to be heard, it was agreed by counsel that, unless the defendant's petition set forth a valid defense to the plaintiff's complaint, there would be no necessity for vacating the default judgment. The trial court was of the opinion that the answer of the defendant to the complaint was insufficient, and therefore refused to vacate the judgment. This appeal is from that order.

It appears that the plaintiff brought the action to eject the defendant from a certain portion of the right of way of the railway company, alleging in substance that, by an act of Congress dated July 2, 1864, the land was granted to the railway company for a right of way; that, pursuant to that act, the railway company definitely located and constructed its railway across the land; that the defendant unlawfully and wrongfully trespassed upon the plaintiff's right of way and took possession of a part thereof, describing it. It prayed for a judgment for the recovery of the premises and for the reasonable rental of the land.

For answer, which was tendered in the petition to vacate the default, the defendant admitted the grant by Congress; and admitted that, between the years 1884 and 1885, the railway company filed its map of definite location, and denied that, by reason thereof, the railway company became the owner of the land. He then, for a further answer, alleged that, in May, 1883, prior to the filing of the map of definite location, one Michael A. Ward filed a preemption on the land in dispute; that afterwards, in May, 1890, he changed

his preemption claim to a homestead entry, filed upon the land at said time, and continued to reside thereon until the 23d day of March, 1902, when he received a patent from the United States government; that the railway company unlawfully appropriated the land without authority; that on May 4, 1903, Michael A. Ward conveyed the land to the defendant; that the defendant went into possession, and has ever since remained in possession of the land, excepting a strip used by the railway company as a roadbed for its railway. In an amended answer which the court permitted to be filed, the same facts are alleged, except that it is alleged that Michael A. Ward entered the land prior to the date of the filing of the map of definite location by the railway company, but does not allege that Ward's entry is prior to the right of way grant of July 2, 1864.

This court has held in *Northern Pac. R. Co. v. Wadekamper*, 70 Wash. 392, 126 Pac. 909, that the act of Congress of July 2, 1864, granting a right of way to the Northern Pacific Railroad Company over public lands, is a grant *in praesenti*, taking effect by relation as of that date, upon definite location of the line, as against settlers acquiring public lands after the grant and before the location of the line. See, also, *Northern Pac. R. Co. v. Concannon*, 239 U. S. 382; *Northern Pac. R. Co. v. Tuttle*, 89 Wash. 699, 154 Pac. 796.

It is plain, therefore, that neither Mr. Ward nor the defendant acquired any title to the right of way of the Northern Pacific Railway Company by filing a preemption or homestead claim thereon subsequent to the act of March 2, 1864.

The appellant apparently makes no claim of adverse possession. But even if he did, that claim would be unavailing under the following authorities: *Northern Counties Inv. Trust v. Enyard*, 24 Wash. 366, 64 Pac. 516; *Northern Pac. R. Co. v. Concannon, supra; Northern Pac. R. Co. v. Ely*, 197 U. S. 1; *Northern Pac. R. Co. v. Hasse*, 197 U. S. 9.

Under these authorities, the answer did not state a defense, and the order appealed from is therefore affirmed.

MORRIS, C. J., ELLIS, BAUSMAN, and CHADWICK, JJ., concur.