LAND, J.
The plaintiffs, as the sole heirs of H. F. Klumpp, deceased on Jtily 18, 1911, instituted this their second suit against the defendant on the same cause of action. The first suit was instituted in March, 1909, and discontinued in May, 1911.
The allegations of fact set forth in the petition are substantially as follows:
On December, 1893, the defendant, by notarial act passed in the city of New Orleans, sold and transferred, with all legal warranties, unto the said H. F. Klumpp, two tracts of land, one of 640 acres and the other of 320 acres situated in Leon county, Tex., for the sum of $500 and “other valuable considerations.”
In January, 1906, M. A. Stanley and others instituted suit in the district Court of Leon county, Tex., against plaintiffs herein for the possession of the lands described in their petition, including them as defendants with others for other lands which were bought, as well as to try title and for damages.
The case was tried, and at the August term, 1907, the court rendered judgment against plaintiffs herein for said lands; and that the said case was appealed to the Court of Civil Appeals, Fourth Supreme Judicial District of Texas, which, in November, 1908, affirmed the judgment of the lower court.
The petition herein represents: “That by virtue of said judgment petitioners were evicted from said lands, by a superior title;” that the “other valuable consideration” mentioned in the said act of sale from Howcott to Klumpp was the further sum of $1,596.13; and that by reason of said eviction “by a superior title judicially ascertained and decreed,” the petitioners demand of the defendant herein the return of the purchase money, to wit, the sum of $2,096.13, with 8 per cent, interest, the legal rate in the state of Texas, from December 14, 1893, to date of suit.
The petition further represents that plain *166 tiffs and their deceased father had paid all taxes due and exigible on said lands by the state of Texas, to the amount of $204.72; and that neither the said H. IP. Klumpp or petitioners ever took actual possession or used the aforesaid described lands directly or indirectly.
Plaintiffs pray for judgment for $4,874.42, with legal interest from the date thereof until paid.
To this petition the defendant filed an exception of no right of and no cause of action.
This exception was tried in limine, but was not decided, the court ordering the same to be referred to the merits of the case.
Defendant in no manner waiving the exception, but on the contrary insisting on the same, and filing answer "'only in the alternative, because ordered to do so by the court, pleaded sundry defenses to the action, among them, no notice of the threatened eviction was given to the respondent; that the alleged eviction was due to plaintiff’s failure to properly defend the suit brought against them in Texas; that the plaintiffs would have been entitled to recover any taxes paid by them upon the land ffiom which they were evicted, and their failure to do so should not be visited on the defendant; that the plaintiffs have heretofore judicially admitted that the purchase price of the land in question was $500, and are estopped from claiming that the consideration was greater; and that plaintiffs could and should have taken possession of the property, and that the improvements thereon were m'ore than sufficient to offset any claim for interest.
When the case was called for trial, the plaintiffs waived their demand for taxes; and the defendant objected to any and all evidence being heard on the ground that the exception of no cause of action filed by the defendant is well taken and should be maintained. Defendant also objected to any and all evidence of eviction by any one, saving the six persons named in the petition. The court ordered that the exceptions go to the effect.
The case was tried, and there was judgment against the defendant for $500, with legal interest from date of eviction, and for costs.
Plaintiffs have appealed, and the defendant has joined in the appeal and prayed that the judgment below be reversed and the exception of no cause of action be maintained.
[1] The exception of no cause of action raises' a question of Texas law, which is stated in the deposition of a Texas lawyer as follows:
“Under the laws of the state of Texas, the children or heirs of the grantee who have been judicially evicted from the possession of the land held by warranty deed to their ancestor, the original grantee, have a cause of action upon said warranty in said deed against the grantor and warrantor.”
The same witness testified, in substance, that the plaintiffs, under the laws of Texas, have a cause of action against the defendant, under the warranty deed in question to recover the price paid, with 6 per cent, interest from the date of payment thereof. Another Texas lawyer testified to the same effect.
The alleged judgment of eviction presumed to have been rendered according to the laws of Texas vested in the plaintiffs the right and cause of action set forth1 in their petition. Under C. O. art. 2518, such a judgment concludes the vendor, unless he can show that, had he received notice, he could-have proven new facts, or filed some peremptory exception, which if presented to the court would have produced a different result. See Yolant v. Lambert, 6 Martin (N. S.) 559; Rivas v. Hunstock, 2 Rob. 196. In the last case, the court held that the vendor could not urge error in the judgment of eviction on the record as presented to the court.
As the judgment of eviction is prima facie *168 valid, the defendants’ exception of no cause of action is bad.
This exception is based on C. O. art. 2502, reading:
“That the warranty should have existence, it is necessary that the right of the person evicting' shall have existed before the sale. If, therefore, this right before the sale was only imperfect, and is afterwards perfected by the negligence of the buyer, he has no claim for warranty.”
This suit is based on the judgment of eviction, which presumably was rendered on a proper showing that the right of the persons evicting existed before the sale from the defendant to plaintiffs’ father. The court in' rendering the judgment necessarily found that the legal title was in the plaintiffs in the eviction suit.
The question whether the title of the plaintiffs in eviction was perfected by the negligence of the defendants in eviction, is a matter of defense in the present suit.
The exception of no cause of action is therefore overruled.
The answer denies particularly that the plaintiffs are the heirs or representatives of H. E. Klumpp as alleged. The heirship is proven by the evidence.
The answer denies that any notice was given defendant of the threatened eviction, and avers that if the plaintiffs had been evicted as alleged, then their eviction was due to their failure to properly defend the suits against them for that purpose.
It is shown that no citation in warranty was served on the defendant.
The record in the case of M. A. Stanley et al. v. W. F. Klumpp et al. in the district court for the county of Leon, state of Texas, shows that the court carefully considered the title held by the defendant to the land in question, and decided that his vendor, Annie J. Lester, had no title to the premises. The Court of Appeals of Texas affirmed the judgment of the district court.
[2] Defendant’s contention that his vendee, Klumpp, or his heirs, might have defeated the claims of the successful parties to the suit, by pleading prescription under the Texas statutes, is without force, because it is not proven that the defendant, or the plaintiffs or their father, ever had any actual possession of the two tracts of land described in the petition. William E. Klumpp, one of the plaintiffs, testified as follows:
“Q. Erom the time Mr. Klumpp that this purchase was made of this land, did the estate or any one of the Klumpp family ever make use of said land or obtain any revenues by rent, lease or otherwise?
“A. No, sir.”
The extracts from the testimony of the defendant on.page 8 of his original brief read as follows:
“Q. Did you have a survey of the'land made?
“A. Yes; I had the county surveyor survey the land and I gave old Mr. Klumpp the original survey and the county survey, and I colored it so he might find it.
“Q. During the period of your ownership of this land had you any one looking over it for you?
“A. Yes; Mr. Partriek. I think he had a house on the land but I won’t’be positive about it.”
In Ramos Lumber & Mfg. Co. v. Labarre, 116 La. 583, 40 South. 906, this court held that:
The “circumstance that the claimant made a survey of the tract and marked its boundaries, or paid taxes on it and excluded trespassers, * * * will not constitute actual possession”— citing 1 Cyc. 990.
The Texas statutes declare that “adverse possession” is an actual and visible appropriation of the land, and that the prescription of 3, 5, and 10 years run in favor of any person having “peaceable and adverse possession” of 'real estate.
The Texas attorneys who testified in this case deposed that under the laws of that state, prescription did not run against married women, in respect to their separate property, until the year 1896, and that in their opinion the Klumpps could not have successfully urged a plea of prescription in the suit against them. We do not deem it necessary *170 to 'consider defendant’s contention that the Texas lawyers did not consider the Klumpp title, as it is evident that the Klumpps had no adverse possession on which a plea of prescription could have been based.
[3] In their answer in the eviction suit, the Klumpps represented that W. H. Howcott had conveyed and sold the two tracts of land to their father “for the sum of $500 cash paid him by said H. F. Klumpp,” and prayed that in the event they were cast in the suit, for judgment against the said Howcott for said sum of $500.
If Howcott had made himself a party to the eviction suit, judgment would have been rendered against him for $500 as prayed for in the answer.
The present suit was brought on theory that no cash price was paid, but that the conveyance was a giving in payment for an antecedent debt exceeding the sum of $2,000. The deed recites a sale of the property for the price of $500 “and other valuable considerations.”
Defendant’s explanation of the transaction is that it was a compromise settlement in which Klumpp took the land at the value of $500 for the debt.
This transfer was made in 1893, and at that time the defendant was financially embarrassed, and was practically insolvent! His note for $2,096.13, held by Klumpp, had been past due and unpaid since May 19, 1883. According to the testimony of the defendant, Klumpp offered to take $500 for the note, and the defendant, not having the money, proposed to pay that amount by a transfer of the land in question. Defendant’s statement on this point is supported by a copy of an agreement, the original o? which he testified was signed by Klumpp and himself shortly before the execution of the deed of conveyance.
The trial judge gave credit to the testimony of the defendant, which certainly gives a good reason for the fixing of the price of the sale at $500, and which is supported by the answer and call in warranty filed by the Klumpps in the eviction suit.
We assume that the words “and other considerations” were inserted in the deed to cover all business transactions between the parties involved in the settlement.
Judgment affirmed.
MONROE, O. J., takes no part.