BOLIN, Judge.
This is an appeal from a judgment sustaining an exception of no cause or right of action against the plaintiff’s petition wherein it sought a declaratory judgment as to the legal effect to be given a certain promissory note and mortgage on an oil and gas lease covering land in Caddo Parish, Louisiana.
As we have before us only the correctness of the ruling on the exception, our statement of the case must necessarily be based upon the petition, together with the documents attached thereto, which allegations may be briefly summarized as follows:
Coronet Development Corporation, hereinafter referred to as Coronet, by a written memorandum agreement, sold all of its assets, including an oil and gas lease, to Kroy Oils, Limited, hereinafter referred to' as Kroy, Ltd. This instrument provided that the formal transfer of title would be made to Kroy-American Oils, Inc., hereinafter referred to as Kroy-American, which was stated in the said agreement to be a wholly owned subsidiary of Kroy, Ltd. This memorandum agreement also provided that Kroy, Ltd. and Kroy-American would assume all liabilities affecting the oil and gas leases, “which liabilities Coronet warrants and represents consist of a Three Hundred Thousand and No/100 ($300,-000.00) Dollars mortgage on production.”' When the formal assignment was made from Coronet to Kroy-American, no mention was made therein of any mortgage or encumbrance of the production under the lease. Subsequent to this formal assignment, a mortgage covering the oil and gas lease in question was filed for record in Caddo Parish; the said mortgage having been executed by Coronet to two individuals and ultimately assigned to plaintiff herein; said mortgage further stated that it was given as security for a note in the sum of $300,000, “payable on demand to the order of the bearer at the rate of Five and one-half (5(4) per cent per annum from date”. However, plaintiff alleges *593 that it is the holder and owner for value of a promissory note in the principal sum of $300,000, and that such note is secured by a mortgage covering the lease in question; that even though the act of mortgage was not of record when the formal transfer of title was made to Kroy-American, that it was bound by same because the original memorandum agreement specified that a portion of the consideration was the assumption of a $300,000 indebtedness on the property. It is further alleged in the petition, and an attached affidavit of a former president of Coronet, that even though the promissory note in question is not the one originally executed, the same is a duly substituted note and should be treated as being identified with the mortgage.
The lower court did not assign written reasons for its judgment, but our study of the record and the briefs convinces us that we have before us for decision the following questions:
1. Is the plaintiff entitled to have his rights adjudicated under the Declaratory Judgments Act?
2. In disposing of the exception of no cause and no right of action, is it proper for the court to take into consideration the affidavit of the former president of Coronet which was attached to the plaintiff’s petition, which affidavit was referred to in such petition ?
3. Is Kroy-American to be considered as a third party to any transactions involving Kroy, Ltd., and as such, entitled to rely on any rules for the protection of innocent third parties, such as the law of registry?
4. If it be decided that Kroy-American was a party to the contract, is parol evidence admissible to show the indebtedness, even though the formal transfer of title did not mention same; and is such evidence admissible to show the facts alleged in the petition with reference to the discrepancies in the promissory note and the mortgage ?
We will attempt to answer the above questions in the order in which they are listed. The defendant apparently contended in the lower court that the plaintiff was not entitled to have the validity of its mortgage nor the recognition of the promissory note passed upon under the Declaratory Judgment Act. However, in oral argument in this court, counsel for the defendant has apparently abandoned this argument. In any event, we feel that such point is not well taken in view of the clear language of LSA-R.S. 13:4232 which provides as follows :
“Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.”
In answer to the second question listed by us above, we feel that all of the numerous documents, including the affidavit by the former president of Coronet which was attached to the petition and referred to therein, are an integral part of such pleadings and necessarily must be considered when ruling on an exception of no cause and no right of action. It is elementary in our law that all well-pleaded facts must be considered as true in determining whether the plaintiff has stated a cause of action. It is permissible under our law to plead facts upon information and belief which is what is done, in effect, when the body of a petition pleads such facts by reference to an attached affidavit. Weber v. H. G. Hill Stores Co., 1946, 210 La. 977, 29 So.2d 33.
Kroy-American cannot avoid the factual allegations of the petition on the ground that the laws of registry protects *594 third persons. The original memorandum agreement between Coronet and Kroy, Ltd. provided that the formal transfer of title would be made in the name of Kroy-Amer-ican, which was stated to be a wholly owned subsidiary of Kroy, Ltd. The pleadings and attached documents also show that J. A. Hext was the president of both Kroy, Ltd., and Kroy-American, and acted in such capacity in the transactions with both corporations. Therefore, Kroy-American was, in law and fact, a party to the original contract of sale which expressly provided for the assumption by the purchaser of the $300,000 mortgage. The fact that the act of mortgage was recorded subsequent to the formal transfer of title to Kroy-Amer-ican cannot relieve a party to the contract of sale from being bound by the provisions therein with reference to the assumption by the vendee of the mortgage indebtedness in question. In other words, the actual sale was made at the time of the original memorandum agreement and the formal assignment to Kroy-American a few days later merely implemented the original sale and did not thereby render Kroy-American a third party to such transfer.
The last question to be considered is whether parol evidence would be admissible to prove that Kroy-American assumed such indebtedness even though the formal assignment was silent as to same, and also whether such evidence would be admissible under the allegations in the petition and attached affidavit relative to the discrepancy in the promissory note and the mortgage. This, in our opinion, is the most serious question presented in the case.
Having decided that Kroy-Ameri-can was in reality a party to the original memorandum agreement, we do not feel that parol evidence would be necessary to show its liability. However, parol evidence is clearly admissible between the parties to show the real consideration of any contract. Klumpp v. Howcott, 1916, 139 La. 163, 71 So. 353; Morris et al. v. Monroe Sand & Gravel Co., 1928, 166 La. 656, 117 So. 763; Louis v. Garrison, La.App.Orleans, 1953, 64 So.2d 254. In this connection, the documents attached to the plaintiff’s petition show that the formal assignment of Kroy-American did not mention the mortgage in question, but stated the consideration for such transfer was “One and No/100 ($1.00) Dollars and other valuable consideration”. Under the rules of law enunciated in the cited cases, parol evidence would be admissible under the pleadings to show the true consideration, including the assumption of the mortgage.
Having concluded that the petition states a cause of action for determination under the Declaratory Judgments Act with regard to the mortgage, it perhaps is not necessary to decide whether the plaintiff should additionally be allowed to have its rights declared under the promissory note in question, but we think it better to pass on this question so that all issues can be presented when the case is tried on its merits. According to the affidavit of Michael Myerson, the former president of Coronet, the promissory note which the plaintiff attempts to have identified with the mortgage was substituted for two previous notes in the same principal sum which had been destroyed. As to the factual allegations set forth in the petition and this affidavit, the plaintiff should be given an opportunity to prove such matters by any legal evidence. There is no discrepancy in the note and mortgage as to the principal, but only as to such details as interest rate, maturity date, etc. The affidavit in question explains that in spite of these discrepancies, the note is the one the parties to the mortgage intended that the mortgage secure. While we do not minimize the plaintiff’s difficulty in making out his case on this portion of his demands, we do not feel that he should be precluded by means of an exception from attempting such.
For the reasons stated herein we feel that the court below was in error when it sustained an exception of no cause and no right of action to the plaintiff’s petition *595 seeking a right to a trial on the merits of its demands for a declaratory judgment. The judgment of the lower court is, therefore, reversed, and the said exceptions are overruled and the case is remanded to the district court for a trial on the merits consistent with law and this opinion. The appellant is assessed with the costs of this appeal, all other costs to await the final outcome.
Reversed and remanded.