GEAR ET AL v. THE C. C. & D. R. Co.

1. **Ad quod damnum:** MEASURE OF DAMAGES. The rule is, in the assessment of damages for right of way, that the owner is entitled only to what will compensate him for its appropriation, and this may be a sum greater or less than its actual value.

2. **Highway:** RAILROAD. The use of a road as a highway by the public for more than ten years, with the knowledge, consent and permission of the owner, amounts to a dedication of it to that use, and a railroad company may lay its track over and along such highway.

3. **Private road:** RAILROAD. The owner of a private way may recover damages for its occupancy, but not necessarily to the amount required to construct another.

*Appeal from Jackson Circuit Court.*

FRIDAY, JUNE 5.

THIS is an *ad quod damnum* proceeding. An appeal from the assessment of the sheriff's jury was taken to the Circuit Court. Upon the trial in that court, there was a verdict and judgment for plaintiffs for twenty-six hundred and fifty dollars and costs. The defendant appeals to this court.

*S. P. Adams* and *D. A. Wynkoop*, for appellant.

*Graham & Cady* and *W. E. Leffingwell*, for appellee.

COLE, J.—I. The plaintiffs are the owners of about five hundred and thirty acres of land, bordering on the Mississippi river nearly three-fourths of a mile, and extending both above

and below the mouth of the Tete des Morts creek. Near the mouth of the creek is a stone warehouse, situated on the land of and owned by the plaintiffs; and about three-fourths of a mile from the mouth of the creek is a mill site owned by plaintiffs, and at which there was formerly a mill. The bluffs are near the river bank, below the mouth of the creek, and border so closely upon the creek itself, as that the plaintiffs, for the purpose of making a road from its mouth up, had, several years before, built a stone wall along the bank, from eight to ten feet thick at the bottom and about four feet at the top, and eighteen feet high at its highest point; this wall was built to make and protect the road from being washed and destroyed by the waters of the creek.

The defendant's right of way and road bed extend along the entire frontage of plaintiffs' land, and just upon the margin of the river at high water mark, and upon the plaintiffs' land. At the crossing of the creek, near its mouth, the defendant used the wall which had been before built by plaintiffs, after making some alterations therein, for the purpose of resting thereon, as an abutment, one end of its bridge across the creek. The right of way runs very near one corner of the warehouse, but does not interfere with it.

Upon the trial, the defendant asked the court to instruct the jury, that " the rule to be applied to plaintiffs' claim for damages for the appropriation of a portion of the wall along the Tete des Morts creek is, ' what sum will make the plaintiffs whole in consequence of the appropriation of such portion of said wall by said company for railroad purposes,' not what said wall cost, or what it would cost to build another like it, but what sum will compensate plaintiffs for being deprived of the occupation of so much of said wall as is included in the right of way." This the court refused, and instead thereof instructed the jury " that the plaintiffs would be entitled to recover as damages the reasonable and fair value of said wall so appropriated by the defendant."

1. AD QUOD DAMNUM: measure of damages.

It was error to refuse the instruction asked, and also to give the other in its stead. The inquiry in such cases is, always,

what will compensate the plaintiff for the appropriation of the right of way for the use contemplated. It may be the value of that which is taken, or it may be more or less than that. If the wall of one side of the stone warehouse had been taken, the plaintiffs would not, probably, have claimed, nor could they properly have been limited to " the reasonable and fair value of said wall; " but they would have been entitled to " what sum would make them whole in consequence of the appropriation of such wall." So, they may be entitled to less than the value of the creek wall, since it serves them equally now for its original purpose.

II. The defendant also asked the following instruction, which was refused: " If you find from the evidence that the road leading from the Gear ferry, past the warehouse to the Tete des Morts creek, had been used by the public as a public highway for more than ten years prior to its obstruction by the railroad company, with the knowledge, consent and permission of plaintiffs, such use amounts to a dedication of the same to, the public as a highway, and the obstruction of the same by the railroad company cannot be recovered for in this proceeding."

It was error, also, to refuse this. The dedication of a highway to the public may be established by the long use, (more than ten years,) by the public, and the mere acquiescence therein by the owner. It was so expressly held by this court in *Onstott et al. v. Murray et al.*, 22 Iowa, 457, and other cases following it; and the right of a railway company to lay its track over and along a highway was given by express statute, as has been held by this court in *Milburn et al. v. The City of Cedar Rapids et al.*, 12 Iowa, 246, and other cases following it. If the jury should find the facts set out in the instruction the road would be a public highway, and the right to cross it by the railroad track would follow.

2. HIGHWAY: railroad.

III. If the way was but a private road, the damages resulting from its occupancy might be recovered; but not necessarily what it would cost to build another road, as the court instructed, in the second instruction asked by plaintiffs.

REVERSED.