[No. 14752. Department One. June 27, 1918.]

A. N. WALQUIST, *Respondent,* v. CONRAD JOHNSON *et al.,*
*Appellants.*[1]

FRAUD — MEANS OF KNOWLEDGE — EVIDENCE — SUFFICIENCY. The evidence does not sustain an action for deceit in a sale of an acre and a half of land, in regard to the location of a highway and ra-vine, where the vendee had purchased and spent two summers upon adjoining land, knew the location of the two tracts and was perfectly familiar with the surroundings, and the highway was slashed and plainly visible, and there was no evidence of mis-representations as to the ravine.

COVENANTS—WARRANTY—HIGHWAY AS "INCUMBRANCE." A public highway is not an incumbrance sustaining an action for breach of covenant of warranty.

Appeal from a judgment of the superior court for King county, Pemberton, J., entered November 27, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages. Reversed.

*Saunders & Nelson,* for appellants.
*Baxter & Jones,* for respondent.

FULLERTON, J.—The appellants, on June 16, 1915, conveyed to respondent a tract of land in King county, Washington, described as follows:

"Beginning at a meander post between sections nine-teen (19) and thirty (30), township twenty-four (24) north of range five (5), east of the Willamette Me-ridian; thence west on the section line between said sec-

tions nineteen (19) and thirty (30) twelve hundred feet (1200 ft.), the true point of beginning; thence south three hundred feet (300 ft.); thence west two hundred and thirty feet (230 ft.); thence north three hundred feet (300 ft.); thence east two hundred and twenty-four feet (224 ft.) to the point of beginning.''

This tract abutted on the east boundary of a parcel of land which the respondent had purchased two years prior from the same grantors, and both parcels were sold to the respondent according to a plat showing the lines and relative positions of the two tracts. Two years following its purchase, the respondent demanded a rescission of the sale on the ground that one-third of the land was taken by a county highway, and because he understood at the time of purchase that the tract lay 150 feet farther north, thus avoiding a ravine upon the land as actually purchased by him. On the refusal of the appellants to rescind, he brought an action for damages, alleging that the deed contained a covenant of warranty for one and one-half acres, but that the tract contained only one acre; that appellants, at the time of purchase, misrepresented the south line as 150 feet further north and beyond a certain ravine, thereby falsely inducing the respondent to buy the premises; that the land was of no value, and that he, relying upon such representations, paid appellants $300, for which sum he demands judgment. The complaint also recites that the respondent tendered a deed of the land back to the appellants with a demand for the repayment of the purchase price, but that appellants refused to accept the deed or pay back said sum of $300. The tender, however, was not kept good, nor was the action in form one for rescission.

On the trial of the action before a jury, a verdict was returned in behalf of respondent for $300. From the judgment on such verdict, this appeal is prosecuted.

Although a number of errors are assigned, the principal reliance of appellants is upon the insufficiency of the evidence to sustain the judgment. Our determination of that assignment renders unnecessary a consideration of the other contentions of the appellants. This contention was presented in the trial court by a motion for nonsuit, by a motion for a directed verdict, and by a motion for judgment notwithstanding the verdict.

To our minds, the evidence presented nothing warranting a recovery. At the time of the purchase, the respondent had before him a correct plat of the land, showing its location and the manner in which the tract purchased abutted upon his adjoining land. He had spent two summers on the adjoining land, knew the relation the land purchased bore to the other land, and was perfectly familiar with the surroundings. His claim of misrepresentations is that a third of the land purchased was occupied by a public highway which he thought ran in another direction, and that a deep ravine ran through it which he thought was on another tract. There is no evidence at all that the appellant misrepresented the location of the ravine. The evidence of misrepresentation as to the highway is that the appellant, while standing with the respondent on the line of the highway, stated that it ran in a direct course, whereas it, in fact, deflected from that course onto the purchased tract. But the evidence showed that the highway was slashed of its growth of timber and brush at the time, and that its course was as plainly visible to the respondent as it was to the appellant. More than this, the statement was made nearly a year prior to the purchase, before the purchase had been broached between them, and when the parties were casually upon the land. It may be that the respondent was mistaken as to the course of the highway and relied in some degree on the appellant's opinion as to

the course of the road; but it is manifest that the appellant was only stating his general understanding of its course, the incorrectness of which was as apparent to the respondent as it was to the appellant. Such a statement, made under such circumstances, clearly cannot be invoked to support an action of deceit. It was neither actual nor legal fraud. *Conta v. Corgiat*, 74 Wash. 28, 132 Pac. 746; *Meyer v. Maxey*, 92 Wash. 73, 158 Pac. 995; *Hegberg v. Tripp*, 99 Wash. 298, 169 Pac. 822.

Nor can the recovery be supported upon the theory that there was a breach of warranty because a public highway extended over the land. We have adopted the rule, supported by a majority of the cases, that a public highway is not an incumbrance warranting a purchaser to claim a breach of a covenant of warranty, even though there may be no express exception of the highway from the covenant. *Hoyt v. Rothe*, 95 Wash. 369, 163 Pac. 925.

The judgment is reversed and the cause remanded with instructions to enter a judgment for the appellants, defendants below.

MAIN, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.