Argued March 18, reversed and dismissed April 8, rehearing denied May 13, 1919.

## KENNEDY *v.* PORTLAND.

(179 Pac. 667.)

**Dedication—Public Streets—Implied Dedication.**

1. Where private property was used for more than ten years continuously by the public as a street with the knowledge of the owners and without protest from them, the city had a right to the use of the land as a public street by implied dedication.

[As to dedication—Acceptance implied from user, see note in 129 Am. St. Rep. 621–629.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

This is a suit in equity to restrain the City of Portland from collecting certain assessments for the cost of improving Fiftieth Avenue, Southeast, in said city, in front of the properties of the several plaintiffs, and to recover damages for the wrongful appropriation of plaintiffs' private property for public use without compensation. Separate suits were begun by Josephine Maher, as the owner of the land known as "Rosemary Park," and by Kennedy and Fobert as the owners of Lot 24, in an addition known as "Marysville." After issue joined, and by consent of the parties, the two suits were consolidated and tried as one. The complaints are substantially the same, except as to the extent of the alleged wrongful appropriation of land, Josephine Maher asserting that a 20-foot strip has been wrongfully taken by the city, from the north end of her property, while the other plaintiffs aver that the city has, without condemnation proceedings, seized and used a 30-foot strip from the north end of their property, as a part of the public street.

The answers plead dedication and adverse user for more than ten years, and the requisite proceedings by the city authorities for the improvement of the ground used, as a street, the completion of the work of improvement and the proper levy of the assessments.

The replies are general denials. A trial being had, there was a decree for plaintiffs and defendant appeals.

REVERSED AND DISMISSED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. H. M. Tomlinson,* Deputy City Attorney, with an oral argument by *Mr. Tomlinson.*

For respondents there was a brief and an oral argument by *Mr. Robert J. O'Neil.*

BENSON, J.—1. The one question presented by the record is this: Has the defendant established by the evidence, a right to the use of the land as a public street, either by implied dedication, or by adverse user? The evidence discloses that in the year 1881, one Wm. Kern filed for record in the office of the county clerk of Multnomah County, a plat of "Marysville," being a tract of land, subdivided into lots of about five acres each, such tract being intersected, according to the plat, by a street called "Garfield Street," which is now known as "50th Ave. S. E." This street is shown by the plat to be 30 feet wide. Plaintiffs Kennedy and Fobert purchased a portion of Lot 24 in Marysville, on March 25, 1911, receiving a warranty deed therefor, in which their northern boundary is identical with the southern boundary of the 30-foot strip which is the subject of this litigation. In this deed, the grantors are George W. Rauch and wife. On May 6, 1913, the same plaintiffs secured from S. D. Smalley and wife, and F. H. Freund, a quitclaim deed to that portion of the 30-foot strip lying directly north of their portion of Lot 24. On April 18, 1911, one John H. Smith filed for record a plat of "Rosemary Park" being Lot 22, and a part of Lot 27 in Marysville, and having thereafter died, the plaintiff, Josephine Maher, became the owner of Rosemary Park, as a legatee of Smith. The plat of this tract

shows Garfield Street to be 40 feet wide, the additional
10 feet being taken from the northern boundary of Lot
22.   The 30-foot street designated as Garfield Street
on the plat of Marysville, so far as it extended
north of plaintiffs' lands, was never opened for travel
until the city began the improvement proceedings
which supplied the motive for this suit.   West of
Rosemary Park, it appears to have been recognized
as a 60-foot street for a time the limit of which is not
disclosed by the record.   The record is silent as to why
the original street, as platted, was never used, except
that one witness says that it was obstructed by trees
and stumps, and that so far as it touches plaintiffs'
property, it was inclosed by a fence.   The fence which
marked the northern boundary of the land purchased
by Kennedy and Fobert in Lot 24, in 1911, had been,
originally, about five feet farther north, but their pre-
.decessor in interest had moved it back to its present
location, exactly 30 feet from the northern boundary
of the strip of land in controversy.   In 1914, Kennedy
built a gate across the east end of the strip in dispute,
and at the same time inclosed the portion in front of
his property, by extending his west line of fence
across the disputed tract.   These obstructions were
removed by the defendant when the work of improve-
ment was begun.

The defendant urges that these facts furnish ample
evidence of a public easement, both by implied dedica-
tion, and by prescription.   Plaintiffs insist that the
record is wanting in any evidence of an *animus dedi-
candi,* which is essential to the establishment of a dedi-
cation, and that the prescriptive right must fail, be-
cause the evidence discloses that the use of plaintiffs'
land arose from a mistake as to the true location of the
street expressly dedicated by the plat of Marysville.

The sole question presented for our determination then, is as to the weight and effect of the evidence.

At the outset, let us keep in mind the fundamental fact that the land in controversy had been used by the general public as a street, without controversy and without objection, for many years, probably more than twenty, and in any event, considerably more than ten, before this suit was begun, and before any protesting act was performed, and that on both sides it was fenced.

The writer is unable to discover any logical reason for maintaining, in the discussion, any distinction between the acquisition of a highway by implied dedication, and by prescription in cases where the use has continued beyond the time fixed by the statute of limitations. We are confirmed in our view upon this subject by the language of Mr. Justice VAN SYCKEL, in the case of *Wood* v. *Hurd,* 34 N. J. Law, 87, which reads thus:

"In *Odiorne* v. *Wade,* 5 Pick. 421, the existence of the highway was put upon the doctrine of prescription; and in *Reed* v. *Northfield,* 13 Pick. 94 (23 Am. Dec. 662), Chief Justice SHAW held that the presumption from long and uninterrupted enjoyment would conclusively arise, that at some anterior period the road had been laid out and established by some competent authority. In the later case of *Hobbs* v. *Lowell,* 19 Pick. 405 (31 Am. Dec. 145), the same learned judge, following the lead of *Cincinnati* v. *White,* 6 Pet. 430 (8 L. Ed. 452), which has been very generally adopted, rested the public right upon the doctrine of dedication. It seems to be a mere difference in name, and of no practical importance, whether the mode in which the right is acquired is called prescription, adverse possession, or dedication, although the latter term distinctly defines the right, and its universal adoption would save the confusion which arises from the use of other terms."

We shall therefore consider this case as one in which the city relies upon an implied dedication. Is the evidence sufficient to establish the same, including the *animus dedicandi?*

In *Schwerdtle* v. *Placer County,* 108 Cal. 589 (41 Pac. 448), we find this language:

"Where the claim of the public rests upon long-continued adverse use, that use establishes against the owner the conclusive presumption of consent, and so of dedication. It affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of a mere license."

Again, in *Hartley* v. *Vermillion,* 141 Cal. 339 (74 Pac. 987), the court says:

"When, as in this case, the public, or such portion of the public as had occasion to use the road, traveled over the same, with full knowledge of the land owners interested, without asking or receiving any permission, and without objection from anyone, for a period of time beyond that required by law to bar a right of action, a right in the public to the use of the road arises by prescription or implied dedication."

In *Town of Marion* v. *Skillman,* 127 Ind. 130 (26 N. E. 676, 11 L. R. A. 55), it is said:

"While the question of dedication from permissive occupation and use depends upon the intention of the owner, yet evidence of such occupation and use is one of the evidences of an intention to dedicate."

In *Gear* v. *C. C. & D. R. Co.,* 39 Iowa, 23, the defendant asked for this instruction to the jury:

"If you find from the evidence that the road leading from the Gear Ferry, past the warehouse to the Tete des Morts creek, had been used by the public as a public highway for more than ten years prior to its obstruction by the railroad company, with the knowledge, consent and permission of plaintiffs, such use amounts to

92 Or.—20

a dedication of the same to the public as a highway, and the obstruction of the same by the railroad company cannot be recovered for in this proceeding.''.

Upon appeal, the Supreme Court says:

"It was error, also, to refuse this. The dedication of a highway to the public may be established by the long use (more than ten years), by the public, and mere acquiescence therein by the owner."

Jones on Easements, Section 186, contains this statement of the rule:

"Where an open and uninterrupted use of an easement for a sufficient length of time to create the presumption of a grant is shown, if the other party relies on the fact that these acts, or any of them, were permissive, it is incumbent on such party by sufficient proof, to rebut such presumption of a nonappearing grant; otherwise the presumption stands as sufficient proof, and establishes the right."

The authorities quoted are supported by the great weight of authority, and it is needless to cite more of them. The record in this case is silent as to why the land in controversy was used as a street in the first instance, and the presumption born of long-continued use, with the knowledge of the owners, and without protest from them, fully establishes defendant's contention that there was an implied dedication.

The decree is reversed and one will be entered here dismissing the suit.

REVERSED AND DISMISSED.    REHEARING DENIED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.