D. E. THOMAS, Appellee, v. ANTHONY BECKER et al., Appellants.

EVIDENCE: Secondary—Copy of Patent. Certified copies of govern-
ment patents are admissible on a showing that the original may not
be had. (Sec. 4633, Code, 1897.)

COVENANTS: Action for Breach—Identity of Names. Record re-
viewed, and held to show that the grantor in one deed was the
identical person named as grantee in a formerly issued patent.

COVENANTS: Action for Breach—Decree to Which Defendant Is Not
a Party. In an action by grantee for breach of covenant of seizin, a
foreign decree quieting title against plaintiff is admissible against
defendant for the purpose of showing *that plaintiff has been legally
ousted from the premises,* even though defendant was not a party to
the action in which the decree was rendered, and even though defend-
ant had not been vouched into the action by notice from plaintiff to
defend.

ASSIGNMENTS: Assignment Prior to Action. Record held to show
that an assignment of a cause of action was made prior to the com-
mencement of action thereon.

JUDGMENT: Parties—Evidentiary Force of Judgment. A foreign de-
cree quieting title in the plaintiff therein is not prima-facie evidence
of paramount title in such plaintiff against one who was neither a
party to the action nor vouched therein by notice to defend.

COVENANTS: Pleading—Assumption of Burden of Proof. Plaintiff in
an action for breach of covenant of seizin, who pleads that, when
he received the conveyance from defendant, paramount title to the
land was in a third party, and is met by a general denial, must prove
the voluntarily assumed issue.

COVENANTS: Action for Breach—Measure of Damages. In an action
against a remote grantor for breach of his covenant of seizin, the

measure of damages is the recited consideration in defendant's deed to *his* grantee, with interest thereon from the date the property was conveyed to *plaintiff*.

*Appeal from Polk District Court.*—Lawrence DeGraff, Judge.

DECEMBER 14, 1920.

ACTION on breach of covenant of warranty in a deed of conveyance of land by defendants to plaintiff's remote grantor. Judgment for plaintiff. Defendants appeal.—*Affirmed.*

*A. L. Hager,* for appellants.

*R. & F. G. Ryan,* for appellee.

ARTHUR, J.—Plaintiff instituted this action against defendants, except Mayer Bros. Company, to recover for breach of covenants of warranty of a deed made by defendants to Z. W. Thomas, a prior grantor to plaintiff and plaintiff's assignee, covering the northeast quarter of the southeast quarter of Section 8, and the southwest quarter of the northwest quarter of Section 9, Township 146, Range 41 West of the 5th P. M., Mahnomen County, Minnesota. The covenants of warranty in the deed are:

"That they are well seized in fee of the land and premises aforesaid, and have a good right to sell and convey the same in the manner and form aforesaid."

The above-mentioned conveyance was alleged, and is admitted by defendants.

Plaintiff alleges that Z. W. Thomas, grantee in above-mentioned deed, subsequently conveyed the real estate above described to D. E. Thomas, this plaintiff, and one J. C. Walburger; and that said J. C. Walburger has assigned his claim for damages for breach of warranty to this plaintiff. Plaintiff further alleges that, subsequent to the conveyance of said land to plaintiff and Walburger, one Edson S. Gaylord instituted an action in the district court of Mahnomen County, state of Minnesota, for the possession of and to quiet title to said real estate in him as against plaintiff and J. C. Walburger, based upon a con-

veyance of said real estate to him from Nay gwon ay be Jekein, a prior grantor. A decree was entered in said court on December 27, 1918, adjudging Edson S. Gaylord to be the owner, and entitled to the immediate possession of said real estate, and quieting title against the defendants in the action, plaintiff and J. C. Walburger.

Defendants admitted that, on December 19, 1910, they executed and delivered to Z. W. Thomas a warranty deed to the real estate above described, and denied the other allegations made by plaintiff.

On trial, plaintiff introduced in evidence muniments of title of the above-described real estate from the government down to and into Edson S. Gaylord: namely, a copy of a trust patent from the United States of America to Nay gwon ay be Jekein, and deed of conveyance from Nay gwon ay be Jekein to Edson S. Gaylord. He also offered in evidence a duly certified copy of the pleadings and record of proceedings, judgment and final decree of the Minnesota court, adjudging ownership of said land to be in Gaylord, and quieting the title against the plaintiff and Walburger; and also offered in evidence an assignment from Walburger to plaintiff of Walburger's claim for damages on account of breach of warranty in the deed from Z. W. Thomas to plaintiff and Walburger.

1. EVIDENCE: secondary: copy of patent.

Defendants offered no evidence.

Defendants objected to the introduction of the copy of the trust patent from the government to Nay gwon ay be Jekein, on the ground that no foundation had been laid for secondary evidence. On this point, the record shows that plaintiff sought to obtain the original patent, but was unable to do so, and that the original patent was probably burned. The copy of the patent, which was duly certified, was properly received.

Defendants objected to the introduction of the deed from Nay gwon ay be Jekein to Gaylord, on the ground that it purports to be made by Nay gwon ay be Jekein, but does not purport to be in the name of the party named as grantee in the copy of the patent, and further, that it does not purport to be signed by the grantor by his mark, or by any other mark. On that point, the

2. COVENANTS: action for breach: identity. of names.

plaintiff introduced a deposition by Nay gwon ay be Jekein who testified that, on May 9, 1916, he and his wife executed a deed conveying to Edson S. Gaylord the land in controversy, and that he executed the deed by signing "by thumb mark;" that he never deeded the land by any other deed than the deed of May 9, 1916, and never deeded to anyone except Edson S. Gaylord; and that such deed was the only deed he ever made to the land; and that he never authorized anyone to make a deed for him to the land; and that he is the same person who is grantee in the patent, and grantor in the deed to Gaylord.

The deed is signed by thumb mark.

The testimony of Nay gwon ay be Jekein, with the deed itself, certainly made the deed competent evidence of the conveyance of the land. Whether the grantor in the deed to Gaylord was the same person as the grantee in the patent was a question of fact.

Defendants objected to the introduction of the transcript of pleadings and proceedings in the Minnesota court and the decree entered, for the reason that the same are incompetent, irrelevant, and immaterial, and not binding upon the defendants for any purpose, defendants not having been made parties to the Minnesota action, and for the further reason that defendants were not vouched into the Minnesota action by notice to defend. It appears that defendants were not made parties to the Minnesota action, and that they were not notified to defend. The court, in ruling, said:

3. COVENANTS: action for breach: decree to which defendant is not a party.

"The court admits the decree for one purpose only, and that is to show the fact of eviction of plaintiff from the land in controversy, and that by said decree the right, title, and interest was quieted in the plaintiff Gaylord as against the plaintiff in this case."

Unquestionably, the ruling of the court was correct in admitting the decree of the Minnesota court for the purpose of showing ouster of the plaintiff and Walburger. The ruling was as favorable to defendants as they were entitled to. The decree was at least competent to show eviction.

The term "eviction," as used by the court in his ruling, we take it, means dispossession or ouster. The term is often

misleading. It is borrowed from the feudal law, and is often misleading, when adopted into our modern system of actions. In its original and technical meaning, it signified the expulsion of a tenant by the assertion of a paramount title, and by process of law. *Nesson v. Adams*, 212 Mass. 429 (99 N. E. 93). As used at the present time, the word is extremely difficult to define with technical accuracy, since it is used to denote that which formerly it was not intended to express. As used in the instant case, it means the dispossession or ouster of the plaintiff and his assignor from the land in controversy, and does not carry with it the meaning that it is proof of the fact that the dispossession was by the assertion by judicial decision of a paramount title. 21 Corpus Juris 1262. The covenant of seizin is broken whenever there has been an involuntary loss of possession by reason of the hostile assertion of paramount title, whether that title be established by judgment or by other proof. Note to *Morse v. Garner*, 47 Am. Dec. 565, 571.

The trial court very properly received the decree in evidence for the purpose of showing eviction or dispossession of the plaintiff and his assignor, and left the question of paramount title to be otherwise established, if proven at all.

Defendants objected to the introduction of the assignment from Walburger of his cause of action to the plaintiff, on the ground, as we gather from the record, that the assignment was not made before the suit was begun. The date **4. ASSIGNMENTS: assignment prior to action.** on the assignment is "February, 1919," without giving the day of the month. The petition was filed on February 19, 1919. The testimony as to the real date of the assignment is not clear. But Thomas, assignee, as a witness, does say:

"I know it was signed some time, and signed when we were talking of the institution of the proceedings."

We think the court properly admitted the assignment in evidence.

As before adverted to, the Minnesota decree was admitted for the sole purpose of showing eviction, and the court ruled that admission of the decree in evidence did not preclude defendants from showing paramount title in themselves. Appel-

lants insist that the decree is not competent evidence for any

5. JUDGMENT: parties: evidentiary force of judgment.

purpose. Courts differ as to the purposes for which such a decree is admissible on suits for breach of covenant. But we have found no court holding that such decree was not competent to show the fact of eviction, as the term "eviction" is used in this case.

In *Davis v. Smith,* 5 Ga. 274, it is held that such a decree—

"Has the force and effect of a domestic judgment. There it would be evidence of eviction, notwithstanding the administrator [or covenantor] did not appear and defend; it is the stronger evidence of a breach, on that account. Here it is evidence of the same fact."

Some courts hold that such a decree is prima-facie evidence, in an action against the covenantor for a breach of his covenant, of a paramount title in another. *Mason v. Kellogg,* 38 Mich. 132. In this case, the court said:

"The judgment is a piece of lawful evidence in an action upon the covenant, the difference being that, if it turn out that the covenantor was not adequately warned,—was not, in substance, a party,—the judgment, instead of being final as against him, is merely prima-facie evidence of the validity of the title it purports to validate, and is disputable."

However, we think the weight of authority inclines to the position that the record of an adverse proceeding may be evidence of eviction, but that it is not even prima-facie evidence that such eviction was under title paramount against one who was not a party or privy to the proceedings. It is held by all authorities that the purchaser may protect himself, when sued under adverse title, by giving notice to the party bound by the covenants, and requiring him to defend in the suit; but it is not necessary to his recovery in the action on the covenants that such notice be given. The difference is that, if the covenantor was made a party in the original action, or properly vouched into the action to defend, then the proceedings and judgment and decree in the case are conclusive as to all matters wherein the issues in the cases are the same: that is, the finding of paramount title, if it is so found, is conclusive on that question. But if the covenantor is not made a party, or properly notified to defend, a finding of paramount title is not binding

upon him, and he may dispute that finding. But the fact of eviction may be shown by the decree. Rawle on Covenants for Title (5th Ed.), Section 123.

Counsel discuss at length, and ably, the question of burden of proof. Appellee contends that the burden is on the defendants to show paramount title in themselves, at the time of their

**6. COVENANTS: pleading: assumption of burden of proof.** deed to Z. W. Thomas, and appellants insist that the burden is on plaintiff to show paramount title in Gaylord. Under the pleadings in this case, we think the burden was on the plaintiff. Plaintiff alleged, in effect, that the paramount title was in Gaylord, and that the title received from the defendants had failed. Defendants said they had neither knowledge nor information sufficient to form a belief, and therefore denied the allegations of plaintiff, and placed the plaintiff on strict proof. Under this state of pleading, we think the burden was on the plaintiff. If defendants had answered, alleging their chain of title, and that they were seized of the real title to the land, and that the title which they conveyed had not failed, then the burden would have been upon the defendants to show paramount title in them at the time they conveyed the land to plaintiff's grantor.

Whatever the rule may be as to burden of proof is of little or no importance in this case. It is not necessary to determine that question in this action. The plaintiff assumed the burden of proving the paramount title of the land in controversy in Edson S. Gaylord, by alleging specific conveyances constituting a perfect chain of title from the government down to Gaylord. On the trial, the plaintiff assumed the burden, and introduced evidence of patent from the United States of America to Nay gwon ay be Jekein, and from Nay gwon ay be Jekein to Edson S. Gaylord.

The court held the measure of damages to be $800, the recited consideration in defendants' deed to Z. W. Thomas, plus interest thereon at the rate of 6 per cent from September 10,

**7. COVENANTS: action for breach: measure of damages.** 1912, the date of conveyance to plaintiff. This is the correct measure of damages. *Shorthill v. Ferguson,* 44 Iowa 249; *Bellows v. Litchfield,* 83 Iowa 36.

Counsel for appellants, throughout his able argument, in-

sists that the Minnesota decree should not have been received in evidence for any purpose; and that, if it had been excluded, the record would be barren of competent evidence to sustain appellee's case. We think his position not well taken. The proceedings and decree of the Minnesota court were not relied on to establish paramount title to the land in controversy in Gaylord, and the consequent breach of covenant of seizin in deed made by defendants to plaintiff's remote grantor. As before stated, the decree was only relied on to show eviction, or dispossession. Averment of paramount title in Gaylord was sustained by other evidence.

We have examined the record as to all of the assignments, and find no error in the record. The judgment of the trial court should be and is—*Affirmed.*

Weaver, C. J., Ladd and Stevens, JJ., concur.