## SLATER et al. v. LATHROP et al.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

No. 3626.

1. **Dedication ⊂⊃21—Not negatived by secret intention to the contrary.**

   The dedication of an alley to public use is not negatived by testimony of the owners that, when they opened the alley for use, they secretly reserved the right to close it at any time, where their acts indicated an intent to dedicate to the public contrary to such reservation.

2. **Dedication ⊂⊃20(2)—Opening alley to public use held to establish dedication.**

   Where the owners of adjoining lots near the center of a long block opened an alley on the line between their lots through the block and permitted its use by the public generally for more than ten years, during which time the city council required the repair of the alley and the sidewalk therein, and did other acts tending to show an acceptance of the alley as dedicated to public use, the dedication is complete and the owners cannot thereafter close the alley to the injury of others.

3. **Dedication ⊂⊃21—Payment of taxes does not negative dedication.**

   The fact that the owner of lots continued to pay without protest the taxes assessed against the lots does not negative a dedication by them of an easement over a narrow strip from one side of the lots, where it did not appear whether the assessor had considered the existence of that easement in fixing the valuation.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Suit for injunction by A. E. Lathrop and another against H. A. Slater and another. Decree for complainants, and defendants appeal. Affirmed.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The appellees, claiming to be specially injured by the proposed closing of Burkhart alley in the town of Cordova, brought suit on behalf of themselves and the public to enjoin the appellants from closing the said alley, alleging that the alley was by implied dedication and by prescription a public highway. The court below sustained the appellees' bill, and granted the relief prayed for. From that decree the appeal is taken.

The town site of Cordova is located upon a steep and broken hillside. The alley in controversy intersects block 7 at about its center. Block 7 is bounded on the east and west by First and Second streets, respectively, and on the north and south by C. and B. streets, respectively. B. street is very steep, being 26 feet higher at Second street than at First street. The lots bounding the alley are lots 7 and 8, fronting on First street, and directly back of them lots 26 and 25, fronting on Second street. On the east side of First street, and fronting Burkhart alley, is the building of the appellee Lathrop, and on lot 25 in block 7 the property of the appellee Johnson, on which is located the "Burkhart Apartments." The appellant Slater owns lot 7, and the Bank of Alaska owns lot 8, in block 7. Burkhart alley is 8 feet wide, and consists of 4 feet of the south side of lots 7 and 26, and 4 feet from side of lots 8 and 25. The court below, upon the issues and evidence, made findings of fact, which are in substance as follows:

That on the property of the appellee Lathrop is a large building, which cost more than $100,000, in which he operates a motion picture theater, and rents a number of stores for mercantile businesses, and rents a number of living apartments and offices; that from that building the town of Cordova maintains a crosswalk directly across First street to the entrance of Burkhart alley; that the closing of the alley would result in special damage to said appellee; that the appellee Johnson maintains on lot 25 a three-story building used as an apartment house, the only entrance to the apartments of the basement being off of Burkhart alley; that she purchased said lot on July 8, 1918, at which time and for a great many years prior thereto Burkhart alley was and had been an open public way, and was and had been continuously used by the public as such; that the closing of the alley would result in a special injury to said appellee. The court further found that in May, 1908, the town site of Cordova was surveyed and platted; that First street is the principal business street in the town; that in the summer of 1908 the owners of lots 7 and 8 and 25 and 26 in block 7, being about to erect buildings upon their respective lots, agreed among themselves to open an alley 8 feet wide from First street to Second street, and for that purpose they gave strips 4 feet wide north and south of the line between said lots; that said alley then became known, and ever since has been known, as Burkhart alley, and the said owners erected buildings on their said lots, leaving an alley 8 feet wide from First to Second street, and they made numerous entrances into their said buildings from Burkhart alley; that the owners of the buildings on lots 7 and 8, at a height of about 12 feet above the alley, extended their buildings to the dividing line between their lots, leaving a covered passageway 8 feet wide by 12 feet high, and 100 feet long; that the alley was first opened to the public about October, 1908, and has ever since been used by the general public as a public highway; that the town of Cordova was incorporated on July 14, 1909, and from that time until the trial of the suit the common council of the town has exercised rights of ownership, authority, and control over Burkhart alley without objection or permission from any one, has provided for the lighting of Burkhart alley a good portion of said time, and has supervised and required the sidewalk in said alley to be kept in good repair, has caused fire hydrants to be placed opposite the intersections of said alley with First street and Second street, and erected the crosswalk 6 feet wide from the westerly terminus of Burkhart alley across First street; that at no time have the owners of any of the four lots abutting on said alley claimed or contended to the public that the alley was not a public highway, until on August 8, 1918, when they began to obstruct and close the same; that for more than 10 years the alley was continuously and without interruption used by the inhabitants, residents, and general public of Cordova as a public street or alley, with the knowledge and acquiescence of the owners of all said lots

adjoining the same, and without objection from any person whomsoever, and such use and possession by the public was continuous and exclusive and under claim of color of right, and the common council of Cordova, shortly after the alley was opened to the public travel, accepted the same as a public thoroughfare by lighting it, keeping it clear of obstructions, etc.

B. O. Graham and Edward F. Medley, both of Cordova, Alaska, and E. E. Ritchie, of Valdez, Alaska, for appellants.

Donohoe & Dimond, of Valdez, Alaska, and R. F. Lewis, of San Francisco, Cal., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The appellants contend that some of the findings of fact of the court below are but conclusions of law, and that others are unsustained by testimony. We have carefully examined the evidence, and we think the undisputed testimony sufficient to sustain the decree of the court below. Two of the owners, who laid out the alley and constructed their buildings in such a way as to leave an open passageway to the public, testified that they had no intention to dedicate it to the public, and that they and the other owner agreed between themselves that they might close the alley at any time that they saw fit; but in ascertaining whether there was intention to dedicate a street or alley way to the public the courts do not look to the secret intention of the owner of the land, but consider his acts. In this case the owners never disclosed to the public the existence of their mutual understanding that they reserved the right to close the alley. On the contrary, they left the alley open to public use for more than 10 years, and during that period, without objection from them or their successors in interest, large numbers used the alley as a passageway between First and Second street. Those facts alone have been held sufficient to estop an owner to deny dedication. In Cincinnati v. White, 6 Pet. 431, it was held that no particular form of ceremony is necessary in the dedication of land to public use, and that all that is required is the assent of the owner of the land and the fact of its being used for the public purposes. Among the cases in point are Kennedy v. Portland, 92 Or. 300, 179 Pac. 667; Hartley v. Vermillion, 141 Cal. 339, 74 Pac. 987; Humphrey v. Krutz, 77 Wash. 152, 137 Pac. 806; School Dist. v. Tooloose (Mo.) 195 S. W. 1023; Evans v. City of Brookings, 41 S. D. 225, 170 N. W. 133; Riley v. Buchanan, 116 Ky. 625, 76 S. W. 527, 63 L. R. A. 642, 3 Ann. Cas. 788; Town of Marion v. Skillman, 127 Ind. 130, 26 N. E. 676, 11 L. R. A. 55; Onstott v. Murray, 22 Iowa, 457; Howard v. State, 47 Ark. 431, 2 S. W. 331; City of Bloomfield v. Allen, 146 Ky. 34, 141 S. W. 400, 7 A. L. R. 122.

But in this case there was more than the mere public use of the alley for a period exceeding 10 years. There were acts of the city council which tended to show acceptance of the alley as dedicated to public use. On June 17, 1912, the common council directed the chief of police to notify the owners to "repair the walk in Burkhart alley." On June

16, 1914, the common council authorized the fire committee to place hydrants on First and Second street "opposite Burkhart alley." On November 6, 1916, the common council by ordinance again directed the owners "to repair Burkhart alley."

The appellant cites authorities to the proposition that when the proprietor of land constructs an alley over it for his own use, the mere use thereof by the public through his sufferance, no matter how long continued will not show dedication to the public use. 18 C. J. 105, and cases there cited. But the facts as we view them, do not show that Burkhart alley was opened for the mere use or convenience of the adjacent landowners. They show, on the contrary, that the alley was opened as a thoroughfare between two streets, bisecting for the public convenience an unusually long block. One of the landowners, who joined in opening the alley, testifying for the appellants, said that he considered it an advantage to have Burkhart alley open as a public highway and have the public use it freely as a highway.

[3] The appellants contend that dedication is inconsistent with the fact that they have continuously paid taxes on the land occupied by the alley where it adjoins their respective lots. All that appears, however, is that the appellants have been assessed and have paid taxes upon lots 7 and 8, respectively. They are the owners in fee of those lots. The alley is but an easement occupying a very narrow strip of each. The lots are still known by the numbers given them before the alley was opened. Whether or not the land occupied by the alley was taken into consideration by the assessor does not appear, and we cannot see that anything can be claimed from the fact that the appellant paid taxes on lots 7 and 8. Campau v. City of Detroit, 104 Mich. 560, 62 N. W. 718.

The decree is affirmed.