H. KINSINGER, Appellee, v. W. F. HUNTER, Appellant.

**HIGHWAYS:** Prescription—Evidence. A highway by prescription is 1 established by testimony tending to show that the traveled way (1) was laid out on a line dividing the lands of different owners, (2) was fenced, (3) was used by the public, without controversy, for some 50 years, (4) was to some extent improved by public funds, and (5) was used as a line along which farm, residential, and quasi public improvements were erected.

**DEDICATION:** Acceptance—Public Use. Public use is, in and of it- 2 self, evidence of an acceptance by the public of a way by prescription, if evidence of any acceptance is necessary.

*Appeal from Wapello District Court.*—C. W. VERMILION, Judge.

MARCH 6, 1923.

ACTION in equity, to enjoin the obstruction of an alleged public highway. Decree as prayed, and the defendant appeals.— *Affirmed.*

*Roberts & Webber* and *John C. De Mar,* for appellant.

*Jaques, Tisdale & Jaques,* for appellee.

WEAVER, J.—The road or strip of land in controversy lies along or upon the line separating the west half of Section 35,

Township 71, Range 15, in Wapello County, from the east half.

1. HIGHWAYS: prescription: evidence.

It begins at a point 80 rods south of the center of the section, and extends thence north on said line a distance of one-half mile, and separates plaintiff's land on the east from defendant's land on the west. A road, either public or private, extends north beyond the half mile just mentioned, to the middle of the adjoining Section 26, and thence east to the east line of said section; but this litigation appears to be confined entirely to the half mile first described. It is not claimed that the road was ever established by any statutory proceeding or by any express dedication made or declared by the owner or owners of the land. It is plaintiff's claim, however,—and we think it is fairly supported by the evidence,—that this half-mile strip had been publicly recognized and used as a highway from the early settlement of these lands down to about the time this suit was begun, when the defendant sought to obstruct it on the claim that the way was a private one, and that the use thereof by others was permissive only. As is usual in cases of this nature, there is more or less dispute as to many material facts, but the clear weight of the testimony preponderates in the plaintiff's favor. Numerous witnesses testify to their personal knowledge of the situation for a period extending back 60 years or more. It is not shown to have been a mere shifting prairie track, used only by license or permission, but has been lined on either side by fences, and the buildings and improvements on adjacent lands have been erected and maintained with reference to its use as a public highway. Several residences have long been located on this immediate line, and many years ago, one of plaintiff's grantors erected and maintained a brick building thereon, in which was conducted a country store or grocery. Formerly, a schoolhouse was constructed at the center of Section 26 on the north, and this road was one of the avenues to its approach. The schoolhouse was later moved a half mile east, and a public road has been maintained from its original site to the new location. The evidence does not disclose much work expended on the road by highway officers, though its junction on the south with an east and west road appears to have been graded and improved, and a pipe or culvert provided for that purpose at public expense. Two or

more witnesses testify to working out their poll taxes on this road under direction of the road supervisor, and others testify to improving and repairing the way. A telephone line was strung upon poles set within the road. The evidence tends to show that, after the schoolhouse was moved to the east side of Section 26, the travel was lessened over that part of the road extending north from the disputed half mile, and that some of the landowners in that northern portion obstructed it with fences; but no part of it within the half-mile limit is shown to have been disputed or obstructed until about the time this suit was begun. It is well settled that, although there be no showing of the establishing of a road by statutory proceedings or by express dedication, it may yet be found to have acquired a lawful existence by prescription. *Keyes & Crawford v. Tait,* 19 Iowa 123; *City of Valley Junction v. McCurnin,* 180 Iowa 510; *Pillings v. Pottawattamie County,* 188 Iowa 567; *Sherman v. Hastings,* 81 Iowa 372; *McAllister v. Pickup,* 84 Iowa 65; *Haan v. Meester,* 132 Iowa 709; *Gear v. C. C. & D. R. Co.,* 39 Iowa 23.

This particular piece of road was marked out and fenced upon the line between lands owned by different proprietors at a very early day, and appears never to have been the subject of any dispute or controversy for more than a half century. Excepting one item of testimony of doubtful competency, concerning an alleged remark or statement made many years ago by one of plaintiff's grantors, since deceased, to the effect that the use of the road was permissive, there appears to be no evidence whatever that any person having any interest in the matter ever questioned or denied the public character of the way. Indeed, when reduced to brief terms, the appellant's defense rests almost wholly upon the lack of any public record of the original establishment or grant of a highway, and upon his denial that the public character of the way has been recognized by the local road authorities. But the lack of public record of its establishment is characteristic of practically every highway by prescription. Notorious public recognition, long continued, especially where such public use has continued for ten years or more, supplies the place of a formal record. *McAllister v. Pickup,* 84 Iowa 65; *Carter v. Barkley,* 137 Iowa 510. Appellant's argument upon the law as to the establishment of

roads by dedication may, for the most part, be conceded to embody a correct statement of the abstract proposition; but the soundness of the decree from which appeal is taken remains unshaken. Mere permissive use of the way, no matter how long continued, will not amount to a dedication; but if, in addition to the long continued use, it be shown it has been so used with the knowledge and consent of the proprietor,—in other words, if his conduct is reasonably explainable only on the theory of his consent or upon the theory of his waiver or abandonment of his right for the benefit of the public,—he will not thereafter be permitted to repudiate or deny its legal effect.

It is further argued for appellant that there is no evidence of an acceptance of the road by the public. Assuming, for the purposes of the case, that an acceptance is essential to the establishment of a highway by prescription, we think it must still be said that the evidence sustains the decree. There is no law or precedent defining with particularity what conduct is sufficient for that purpose. The road may be laid over ground or upon a route which requires little, if anything, in the way of repairs or improvement to render it fit for public use; and assuredly, if such road be opened and it be used and traveled by the public generally, the mere fact that the road officers have not expended time or money thereon would not negative an acceptance. *Foulke v. Town of Agency City*, 145 Iowa 471; *Sherman v. Hastings*, 81 Iowa 372; *Onstott v. Murray*, 22 Iowa 457. Even small expenditures for improvement or repairs may show acceptance, if acceptance be necessary. *Devoe v. Smeltzer*, 86 Iowa 385. Public use is in itself evidence of acceptance. *Manderschid v. City of Dubuque*, 29 Iowa 73. This record discloses abundant evidence of actual public use of the road over a long period of years, as well as some proof of its official recognition. The trial court had the witnesses before it, and in so far as the testimony is in conflict, we are disposed to give some weight to its findings of fact.

The decree appears to be right, and it is—*Affirmed.*

Preston, C. J., Stevens and De Graff, JJ., concur.