[No. 22243. Department Two. September 24, 1930.]

FRED BARTH *et al., Appellants,* v. ANDREW BENSON
*et al., Respondents.*[1]

*B. W. Coiner* and *H. J. Gielens,* for appellants.
*Henry Arnold Peterson,* for respondents.

FULLERTON, J.—In 1924, the state of Washington
acquired a right of way for a state highway through
two several tracts of land, the one tract owned by the
appellants Barth, and the other by the respondents
Benson. The tract of appellants lies immediately north
of the tract of the respondents, and abuts thereon.
The state highway extends through the tracts in a
northeasterly direction. The acquisition of the right
of way left a disconnected tract of the respondents'
land, triangular in shape, lying west of the highway.
The state, in part settlement with the appellants for
the land taken belonging to them, caused the respond-
ents to deed to the appellants the triangular tract
above mentioned. This they did by a deed of general

[1]Reported in 291 Pac. 474.

warranty. In the description of the tract conveyed, they included a strip of land, twenty feet in width, lying on the west side of the triangular tract, which they had theretofore deeded to the county of Pierce as a right of way for a county road.

In this action, the appellants sought to recover damages as for a breach of the warranty contained in the deed. Issue was joined in the action, and a trial was entered upon before the court sitting with a jury. At the conclusion of the evidence, the respondents challenged its sufficiency to sustain a verdict and judgment against them. The court sustained the challenge, dismissed the jury, and entered a judgment in favor of the respondents.

The evidence is undisputed that the county of Pierce had acquired the twenty-foot strip by deed from the respondents, prior to the time the respondents deeded it to the appellants, as a right of way for a county road. It was acquired by the county along with other lands which it purchased for a like purpose; the whole forming a continuous tract extending between two established highways. It may be explained that the county was delayed in its efforts to open the way as a highway by the fact that the route crossed the interurban railway at grade, and some trouble was experienced in getting the consent of the state authorities to so cross. Considerable work, however, had been done preparatory to opening it as a highway at the time the deed in question was executed; much of the brush had been removed from the way, and the stumps thereon had been blasted out preparatory to removal.

The trial court rested its judgment on the ground that the existence of a public highway on rural land conveyed by warranty deed does not constitute a breach of the warranty, although the highway may not be excepted from the grant. Our cases support the

conclusion. *Hoyt v. Rothe,* 95 Wash. 369, 163 Pac. 925; *Walquist v. Johnson,* 103 Wash. 30, 173 Pac. 735; *Bank of Alaska v. Ashland,* 128 Wash. 572, 224 Pac. 7. The case of *Fagan v. Walters,* 115 Wash. 454, 197 Pac. 635, thought to be contrary to these cases, presented a different situation. In that case, the easement held to constitute an incumbrance warranted against in the deed of conveyance was a private, not a public, right of way, and while our decisions as to public rights of way were not noticed in the opinion, this was obviously due to the fact that counsel did not contend that the rule applied to that class of incumbrances was applicable to the incumbrance in question. Other instances where we have made exceptions to the rule are found in the cases of *McDonald v. Ward,* 99 Wash. 354, 169 Pac. 851, L. R. A. 1918F 662, and *Bank of Alaska v. Ashland, supra,* but these affirm, rather than question, the authority of the principal cases.

The highway, as we have indicated, was not open to public travel at the time of the execution of the deed here involved, and the appellant Fred Barth testified that he did not then know that the county had acquired the property in question for the purpose of establishing a highway over it. How potent this testimony might have proven to the jury in the light of the fact that the county had, at that time, acquired the necessary land on which to construct the highway, which deeds were then of record, and in the light of the fact that, as early as 1921, he joined in a petition to the county commissioners to establish a highway over this route, and in the light of the further fact that he admits seeing the work of clearing and blasting going on preparing the way as a highway, cannot, of course, be known.

But, conceding that his denials of knowledge raised an issue for the trier of the facts, it remains to inquire

whether his case is exempted from the rule that a covenant of general warranty is not breached by the existence of a public highway over the property conveyed. He cites the case of *Shaw v. Morrison,* 145 Wash. 420, 260 Pac. 666, as supporting the contention, and a casual reading of the opinion might lead to the conclusion that we intended to so hold. But a more critical examination of the case will show that this was not the question involved. The owners of the property in that case had contracted to sell it to another by a contract containing general covenants of warranty, and, subsequent to the execution and delivery of the contract, conveyed a right of way across it to the county of King for a public highway. In litigation that subsequently arose between the parties to the contract, the contractor contended that the grant to the county was not a breach of the covenants of warranty, and cited the cases of *Hoyt v. Rothe* and *Walquist v. Johnson, supra,* to sustain the contention. We held against the contention, using this language:

"The rule announced in those decisions, we think, was never contemplated as absolving the grantor from the consequence of a breach of his general covenant of warranty of title, by his creating a condition resulting in the public acquiring a right of way for a public highway over the property, after the making of his general covenant of warranty of title."

We do not now question that the case was rightly determined, but we cannot conclude that the question there involved is the question here presented.

On the general question, we are impressed with the reasoning of the supreme court of Minnesota in *Sandum v. Johnson,* 122 Minn. 368, 142 N. W. 878, wherein it is said:

"We are unable to accept the rule adopted in some of the cases that a road is not an incumbrance, if the vendee be chargeable with knowledge of its existence,

and is an incumbrance, if he be not chargeable with such knowledge. There is no logical reason for holding that the knowledge or lack of knowledge of the vendee should be the criterion by which to determine whether an easement is or is not an incumbrance. Such a rule is also open to the serious objection that it substitues the uncertainties of oral testimony for the certainty which should inhere in written contracts. Among the cases holding that the knowledge of the vendee is not an element in determining whether an easement is an incumbrance are the following: *Hubbard v. Norton,* 10 Conn. 422; *Huyck v. Andrews,* 113 N. Y. 81, 20 N. E. 581, 3 L. R. A. 789, 10 Am. St. Rep. 432; *Stuhr v. Butterfield,* 151 Iowa 736, 130 N. W. 897, 36 L. R. A. (N. S.) 321; *Medler v. Hiatt,* 8 Ind. 171; *Beach v. Miller,* 51 Ill. 206, 2 Am. Rep. 290; *Burr v. Lamaster,* 30 Neb. 688, 46 N. W. 1015; 9 L. R. A. 637, 27 Am. St. Rep. 428; *Burk v. Hill,* 48 Ind. 52, 17 Am. Rep. 731; *Kellogg v. Malin,* 50 Mo. 496, 11 Am. Rep. 426; *Butler v. Gale,* 27 Vt. 739; *Van Wagner v. Van Nostrand,* 19 Iowa 422; *Barlow v. McKinley,* 24 Iowa 69, and see 4 L. R. A. (N. S.) 310, note.''

Our conclusion is that the trial court did not err in its decision. Its judgment will therefore stand affirmed.

MITCHELL, C. J., HOLCOMB, and MAIN, JJ., concur.